FOSHAY TRUST & SAVINGS BANK v. PUBLIC UTILITIES CONSOL. CORPORATION et al.

No. 9563.

Circuit Court of Appeals, Eighth Circuit.

April 11, 1933.

John P. Dalzell, of Minneapolis, Minn. (Perry S. Johnson, of Minneapolis, Minn., on the brief), for appellant.

Leland W. Scott, of Minneapolis, Minn. (Junell, Driscoll, Fletcher, Dorsey & Barker, and Donald E. Nelson, all of Minneapolis, Minn., on the brief), for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This proceeding originated in a claim for $3,113.87 filed by appellant, Foshay Trust & Savings Bank, hereinafter called "the bank," against appellee Public Utilities Consolidated Corporation, for convenience referred to as "PUCC," in receivership proceedings then and now pending in the District Court of the United States for the District of Minnesota. A third corporation, the W. B. Foshay Company of Delaware, hereinafter referred to as "the Foshay Company," owned a majority of the voting capital stock of PUCC.

January 30, 1929, the board of directors of PUCC, by proper resolution, established a fund, described as said appellee's self-insurance reserve fund. The view was that the funds set apart by the corporation in this self-insurance reserve fund should in time "reach sufficient proportion that the corporation will thereby be enabled and justified in carrying its own insurance risks, whether they be life, fire, or any other insurable risks." To this end the resolution enjoined upon the committee in charge of this fund the exercise of such discretion in deposits and investments as to secure the best returns, and yet have the funds available for immediate use; its discretional control and management being limited to such extent "as will carry out the intents and purposes of these resolutions." This purpose was further safeguarded by the method prescribed for handling its bank account. A checking account was opened with the bank, appellee herein, designated as "Public Utilities Consolidated Corporation Self-Insurance Reserve Fund Account." A certified copy of the resolution creating the fund was filed with the bank, together with a signature card, authorizing the bank to honor checks only when signed by two members of the self-insurance reserve fund committee, consisting of Wilbur F. Foshay, president of the Foshay Company, R. J. Andrus, president of PUCC, and H. E. McGinty, treasurer of PUCC.

It appears that these affiliated companies were very short of money in September, 1929. It was the custom to transfer general funds from one to the other as occasion demanded. On September 23, 1929, there was on deposit in the bank, to the credit of this special self-insurance reserve fund of PUCC, at least $5,400. McGinty signed a check for this amount payable to the Foshay Company. No other member of the committee signed this check, which was delivered to the Foshay Company, found its way into the appellant bank, and was there paid in violation of express instructions. The Foshay Company charged itself on its books as owing the PUCC self-insurance reserve fund this sum of $5,400. At the time this action was heard by the special master that entry still remained uncanceled—the amount still unpaid. Subsequently the receiver of PUCC filed a claim for this amount against the Foshay Company, itself in receivership, but apparently this claim has been abandoned, and appellee has relied upon its offset of $5,400, filed against the claim of appellant in the present proceeding. Upon hearing, the master sustained this offset and recommended that appellant's claim be disallowed. Upon exceptions the District Court sustained the master and disallowed appellant's claim. This appeal followed.

Three points are urged by counsel in their brief and in argument:

I. The payment of the disputed check, originally unauthorized, was ratified by filing a claim against the payee.

II. The claim against the payor bank is barred by the earlier election of the alternative inconsistent remedy of a claim against the payee, Foshay Company.

III. PUCC ratified McGinty's act in drawing the disputed check without securing a second signature, by prejudicial delay in repudiating the check.

We agree with the conclusion of the master that "to withdraw a fund established for a special purpose in order to make an unsecured loan to an affiliated and clearly insolvent company can be characterized only as an improper diversion of that fund." It was improper under any circumstances to divert this fund from the carefully expressed purposes of its creation. It was in no sense subject to transfer for convenience between these affiliated companies, even if it be assumed that such transactions were otherwise unobjectionable. The bank was charged with express written notice of the infirmity of the check, executed by but one of the authorized signers. Cashing that check under the cir-

cumstances was an act of negligence, resulting clearly in liability to the depositor. The first and second points relied on may be considered together. It is conceded that the payment to the Foshay Company from this self-insurance reserve fund was unauthorized. The amount stands upon the books of the latter company as owing to appellee. A right of recovery for money had and received is obvious. The cause of action against the bank sounds in tort. The two claims are co-existent and not inconsistent. Therefore, the filing of a claim against the payee Foshay Company was in no sense a ratification of the unauthorized payment, nor did it bar the claim against the payor bank as the earlier election of an alternative inconsistent remedy. Both remedies were open to appellee, with the limitation, of course, that there could be but one satisfaction. Certainly there can be no inconsistency between a right of action for money had and received and one against a tort-feasor whose negligence is responsible for the misapplication of the fund.

It is only when "the second remedy sought to be invoked is based on a theory which is irreconcilable with that on which the first remedy was founded" that a party is barred by his election. He may pursue remedies, not thus inconsistent, within limitation periods, until actual satisfaction is obtained. The question is whether appellee elected to ratify the transaction after knowledge of the bank's tort. Equitable Trust Co. v. Connecticut Brass & Mfg. Corp. (C. C. A. 2) 10 F.(2d) 913. The record is clear that it did not so elect. Furthermore no prejudice to appellant has resulted from this so-called election. Nauman Co. v. Bradshaw (C. C. A. 8) 193 F. 350, 354.

But, finally, neither the act of the receiver of PUCC in filing a claim against the Foshay Company, nor the delay in repudiating the check, are defenses available to the bank.

"The essence of laches is not merely lapse of time. It is essential that there be also acquiescence in the alleged wrong or lack of diligence in seeking a remedy." Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 536, 63 L. Ed. 1099.

The doctrine of equitable estoppel invoked by appellant involves the presumption that third parties would be injured by the delay in speaking or acting. Smith v. Fletcher, 75 Minn. 189, 193, 77 N. W. 800; Hampton Stave Co. v. Gardner (C. C. A. 8) 154 F. 805. No such injury to appellant is disclosed by the record. But, in any event, where a bank has paid out money without authority, or contrary to a depositor's directions, of which, as in this case, the bank has knowledge, it is not relieved of liability because the depositor did not repudiate the payment. Leather Manufacturers' Nat. Bank v. Morgan, 117 U. S. 96, 112, 6 S. Ct. 657, 29 L. Ed. 811; First National Bank of Philadelphia v. Farrell (C. C. A. 3) 272 F. 371, 377, 16 A. L. R. 651, certiorari denied 257 U. S. 634, 42 S. Ct. 48, 66 L. Ed. 408; First National Bank v. Allen, 100 Ala. 476, 485, 14 So. 335, 27 L. R. A. 426, 46 Am. St. Rep. 80; Critten v. Chemical National Bank, 171 N. Y. 219, 63 N. E. 969, 57 L. R. A. 529. See, also, Farrell v. First National Bank (D. C.) 263 F. 778.

Furthermore, the record fails to disclose circumstances from which ratification by competent authority could be inferred or presumed.

It follows that the decree below should be affirmed. It is so ordered.