THE SECOND BAPTIST CHURCH OF RENO, NEVADA, A NEVADA CORPORATION, APPELLANT, v. FIRST NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION QUALIFIED TO DO BUSINESS IN THE STATE OF NEVADA, RESPONDENT, v. A. POLK, ALSO KNOWN AS ANGASS POLK, THIRD-PARTY DEFENDANT.

No. 7043

June 4, 1973                                    510 P.2d 630

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Goldwater, Hill, Mortimer & Sourwine,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is an appeal from a summary judgment involving a transaction in which respondent paid a check despite a stop payment order.

On August 11, 1965 appellant issued a check to third-party defendant Angass Polk in the sum of $5,000.00 drawn on its account at a branch of respondent bank. The following day appellant stopped payment on the check. Two months later the check was presented for payment at respondent's Spokane Street branch and respondent, contrary to the stop payment order, paid third-party defendant Angass Polk the sum of $5,000.00 and charged appellant's account therefor.

On February 21, 1966 appellant joined with Mount Zion Baptist Church and as co-plaintiffs they instituted action No. 226930 against Angass Polk alleging that Mount Zion had contracted to sell some property to appellant; that the property was subject to mortgage indebtedness of $5,000.00; that Mr.

Polk, the Mortgage holder, agreed to accept $5,000.00 from appellant in satisfaction of the mortgage indebtedness of Mount Zion Baptist Church; that appellant paid Polk $5,000.00 by check on appellant's account at First National Bank of Nevada; and that Polk cashed the check and received the proceeds thereof but refused to release his security interest in the property. The complaint sought to have title to the property quieted.

On May 11, 1969 appellant commenced the present action against respondent to recover the sum of $5,000.00 paid to Angass Polk on October 8, 1965. The complaint in this suit alleges that the stop payment order was duly filed and that thereafter respondent negligently and in violation of the contractual agreement between the parties, wrongfully paid the check to Angass Polk.

Respondent answered on October 30, 1969 alleging as an affirmative defense failure to state a claim upon which relief could be granted. More than one year later, on November 3, 1970 respondent moved for summary judgment on the ground that appellant by commencing the prior action No. 226930 against Polk (the payee of the check) made an election of remedies which precludes the present action against the bank. This was the first time the doctrine of election of remedies was raised by respondent. At this point both actions were pending simultaneously before the court.

On September 9, 1971 the district court entered a judgment dismissing with prejudice the complaint in the first action No. 226930, on the ground of want of prosecution pursuant to NRCP 41(e), i.e., failure to bring the action to trial within 5 years.

On June 26, 1972 in this action the trial judge granted respondent's motion for summary judgment on the ground that the first action, against the payee of the check, constituted an election of remedies which precluded the present action against respondent bank. Appellant contends the court erred in this ruling.

The question is did the bank waive the defense of election of remedies by its failure to assert the defense in the answer, or if not waived, did the commencement of the lawsuit against Polk absolve the bank from liability for its breach of the stop order?

1. The defense of election of remedies should have been asserted in the answer. NRCP 12(b) provides that: "Every defense in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto . . ." and

goes on to state that a motion making any of certain stated defenses must be made *before* pleading if a further pleading is permitted. NRCP 12(h) at that time provided that: "A party waives all defenses and objections which he does not present either by motion . . . or, if he has made no motion, in his answer or reply. . . ." Later amendments to Rule 12(h) did not alter the purport of that rule as it applies here.

Also, NRCP 8(c) requires that all affirmative defenses be specifically asserted in the pleading. Election of remedies is one such affirmative defense.[1] Kuhl v. Hayes, 212 F.2d 37, 39 (10th Cir. 1954); Bagwell v. Susman, 165 F.2d 412, 415 (6th Cir. 1947); Macias v. Klein, 106 F.Supp. 107, 110 (W.D. Pa. 1952), reversed on other grounds, 203 F.2d 205 (3d Cir.), cert. denied, 346 U.S. 827 (1953). If the affirmative defenses are not so pleaded, asserted by a Rule 12(b) motion or tried by consent they are waived. Radio Corporation of America v. Radio Station KYFM, Inc., 424 F.2d 14 (10th Cir. 1970); cf. Albee Homes, Inc. v. Lutman, 406 F.2d 11, 13 (3d Cir. 1969). There was no appropriate pleading in this case, thus the defense is waived. Accordingly it could not properly form the basis of the summary judgment.

2. Even if not viewed as waived, the elements of the doctrine of election of remedies were not established. The elements are:

(a) The existence of two or more remedies;
(b) Inconsistency between the remedies;
(c) Choice of one or more of the remedies.

If any of the above three elements is absent the defense is inapplicable. Dudley v. King, 285 P.2d 425 (Okl. 1955). The doctrine of election of remedies has application only to inconsistent remedies. Nevada Land & Mtge. v. Hidden Wells, 83

[1]NRCP 8(c): Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Nev. 501, 435 P.2d 198 (1967); McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957); Barringer v. Ray, 72 Nev. 172, 298 P.2d 933 (1956).

The two remedies were not inconsistent. The suit against Polk alleges that he was paid. In this action against the bank the allegation is that the payment of the check by the bank was wrongful. As in Foshay Trust & Savings Bank v. Public Utilities C. Corp., 64 F.2d 665, 667 (8th Cir. 1933), the two claims were coexistent but not inconsistent. The filing of the claim against Polk was in no sense a ratification of the unauthorized payment by the bank. Both remedies were available to the drawer of the check with the limitation that there could be but one satisfaction. It would be inconsistent to allow the bank to rely on the equitable doctrine of election of remedies when the bank was both negligent and in breach of contract in paying a check over a stop payment order. Cf. First National Bank of McAlester v. Mann, 410 P.2d 74, 79 (Okl. 1966).

The order for summary judgment is reversed and the matter remanded for further proceedings.

THOMPSON, C. J., and MOWBRAY and GUNDERSON, JJ., and COMPTON, D. J., concur.