JOHN TOLOTTI AND MARY ELLEN TOLOTTI, APPEL-LANTS AND CROSS-RESPONDENTS, v. FRED L. EIKEL-BERGER AND MARGARET A. EIKELBERGER, RESPONDENTS AND CROSS-APPELLANTS.

No. 7114

December 30, 1974                    530 P.2d 106

[Rehearing denied January 22, 1975]

*Stewart & Horton, Ltd.,* of Reno, for Appellants and Cross-Respondents Tolotti.

*Lohse & Lohse, Chartered,* of Reno, for Respondents and Cross-Appellants Eikelberger.

## OPINION

*Per Curiam:*

From the documentation available, it appears that having leased certain land they ultimately developed as the Y-Rancho Trailer Park from the Tolottis and the Manzos, the Eikelbergers thereafter subleased the park, other than its laundry room, back to the Tolottis. Disputes arose, and the Eikelbergers, as sublessors, sued the Tolottis, as sublessees, for rentals coming due after October 1, 1966. (A previous accounting, concerned in this court's Case No. 6558, also decided this date, adjudicated rights of the parties prior to October 1, 1966.)

The new action was consolidated for trial with another, filed by the Tolottis, claiming reimbursement for expenses allegedly paid by the Tolottis but attributable to operation of the laundry room. The consolidated actions were tried to a jury, which determined that the Tolottis owed the Eikelbergers $30,899.81. On the ensuing appeal and cross-appeal the most significant issues are:

(1) Appellants' contention that because the court-appointed master in Case No. 6558 utilized an accrual method of accounting, the court erred in the instant case when it refused to instruct the jury to "use the accrual system of accounting in making [their] decision in this case."

(2) Respondents' contention that they are entitled to prejudgment interest.

Concerning the first issue, the record shows appellants' counsel well knew respondents' demand was predicated on the contention that the parties' sublease agreement contemplated

a cash basis accounting system to determine rents due respondents thereunder. While appellants now contend "res judicata" or "estoppel" barred respondents from urging their view of the parties' sublease agreement, appellants' answer pleaded no such defense, and accordingly, whatever its merits might otherwise have been, the district court could properly consider such defense waived. NRCP 8(c).

Concerning the second issue, the rent from the Tolottis to the Eikelbergers should have been computed and paid monthly, and therefore each item of rent properly bears interest from the date it was due. NRS 99.040(1); Southdown, Inc. v. McGinnis, 89 Nev. 184, 510 P.2d 636 (1973); cf. Hardison v. Carmany, 88 Nev. 670, 504 P.2d 1 (1972).

Other assignments of error have been considered and found to be without merit.

This matter is remanded for the limited purpose of entering a judgment that includes pre-judgment interest, as indicated above.