NATHAN, Judge.
This is an appeal by the petitioners, Robert H. Meyers and John Brooks Hastey III, as representatives of a class of City of Miami police officers, from an adverse final judgment in an action for injunctive relief in which the Chief of Police, the City Manager and the Executive Secretary of the Civil Service Board, all of the City of Miami, were named as respondents. The defendants have cross-appealed.
*135 In the second amended petition, the petitioners sought an injunction, or in .the alternative, a writ of mandamus, and alleged that the petitioners were being denied promotion to the rank of sergeant in the police department due to respondents’ actions which were calculated to abolish the positions to which the petitioners claim to be entitled to be promoted. It is alleged that the respondents failed to promote the petitioners prior to the expiration of the promotional lists on which they held priority positions. The respondents filed an answer and affirmative defenses. A pretrial conference was held, and the court entered a pretrial order limiting the issues for trial to two basic points, (1) the number of vacancies for sergeant available to be filled, and (2) the top candidates on the promotional register to fill' the vacant positions. The respondents moved to vacate the pretrial order, which was denied. Final hearing was held. Respondents’ counsel announced that he accepted the pretrial order as it appears, but that other matters would have to be brought out in the defense of the action. The trial court permitted him to do so, and at the conclusion of the testimony entered final judgment in favor of the respondents, denying all relief sought by the petitioners. Subsequently, the court denied the petitioners’ motion for rehearing or to vacate the judgment, and this appeal ensued.
The petitioners contend that the trial court erred in not limiting the issues at trial to those set forth in the pretrial order. They claim that they prepared and presented their case in such a manner as to prove the issues set forth in the pretrial order. Then suddenly the respondents surprised them with new issues and defenses not previously presented to them or the court. Therefore, they were unable to present testimony in response to those issues, and as a result suffered manifest injustice, prejudice and defeat. We agree with respondents’ position that the trial court was permitted to modify the issues by Rule 1.200(c), RCP, which provides,
. . The (pretrial) order shall control the subsequent course of the action unless modified at the trial to prevent injustice.”
However, under the circumstances of this case it was prejudicial to permit the addition of matters outside the scope of the pretrial order at the time of trial since the petitioners were not prepared to present evidence on those issues. Therefore, we reverse the final judgment in favor of the respondents and remand the cause to the trial court with directions to hold a full trial on the merits of all questions of law and fact which the trial court finds to be meritorious issues in the case, prior to the pre-trial order, giving both sides an opportunity to prepare and effectively present their respective positions on the issues.
The points raised by the respondents on cross-appeal are not well taken and will not be discussed.
Reversed and remanded with directions.