An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHAN MANNING,
Appellant,
vs.
SCOTT CORYELL,
Respondent.

No. 62857

FILED

NOV 2 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a negligence action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Stephan Manning and respondent Scott Coryell were involved in a car accident in Las Vegas in which Manning allegedly suffered injuries. After the accident, Manning and an insurance adjustor from Coryell's insurer purportedly agreed that the insurer would pay Manning $1,300 in exchange for a release of his personal injury claims.

Manning then filed a complaint against Coryell alleging tortious injury and seeking damages and was later deposed. Coryell subsequently filed a "Motion to Enforce Settlement," which Manning opposed. Both Coryell and Manning submitted the transcripts of Manning's deposition and his conversation with the insurance adjustor as exhibits to their briefs. The district court granted the motion in a one-paragraph order that did not articulate the basis for its decision or identify the substantive relief it was granting. Manning now appeals.

In response to our order directing supplemental briefing, both parties argue that we have jurisdiction over Manning's appeal. We agree.

14-38307

Therefore, the issue on appeal is whether the district court erred by granting Coryell's motion to enforce the settlement.

*The district court's order was a grant of summary judgment*

A party can obtain three types of pretrial judgments on a contested motion based on the merits of the case: Rule 12(b) dismissal, judgment on the pleadings, and summary judgment. NRCP 12(b)-(c); NRCP 56. Of these dispositive pretrial judgments, only summary judgment may be based on evidence that is outside the pleadings. *See* NRCP 12(b)-(c); NRCP 56(c). If "matters outside the pleadings are presented to and not excluded by the court," in a motion for judgment on the pleadings or a motion to dismiss, then "the motion shall be treated as one for summary judgment and disposed of as provided in [NRCP] 56." NRCP 12(c); *see* NRCP 12(b). Thus, if the district court considers evidence outside the pleadings when granting a contested dispositive pretrial motion, the court's order will be construed as a summary judgment.

Here, the district court granted Coryell's motion to enforce a settlement, which sought to have Manning's lawsuit "dismissed in its entirety." Thus, it appears that the district court issued a dispositive order based on a contested pretrial motion regarding the merits of the case. The order stated that the district court "considered papers and pleadings on file herein," which included the transcripts of Manning's conversation with the insurance adjustor and Manning's deposition. Because the district court considered matters beyond the pleadings, its order is construed as a grant of summary judgment.

*The district court did not err by granting summary judgment to Coryell*

Manning argues that the settlement agreement was not a valid contract because there was not a meeting of the minds or sufficient consideration.[1]

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). To obtain summary judgment, the moving party has the burden of showing the absence of genuine issues of material fact. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007). "If the moving party will bear the burden of persuasion [at trial], that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence." *Id.* If the nonmoving

---

[1] As part of this argument, Manning appears to contend that he made a mistake which would cause the settlement agreement to be unenforceable against him. He fails to identify his purported mistake, however, as either a mutual mistake or a unilateral mistake or to cogently argue that either of these mistake doctrines apply. Therefore, we decline to consider the issue of mistake because it was not properly raised or argued. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. ___, ___ n.3, 252 P.3d 668, 672 n.3 (2011) ("Issues not raised in an appellant's opening brief are deemed waived."); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (refusing to consider an issue when the party failed to "cogently argue, and present relevant authority, in support of his appellate concerns").

Manning also argues that the settlement agreement was invalid because it did not comply with the requirements of DCR 16 and EDCR 7.50. This argument is without merit because DCR 16 and EDCR 7.50 only govern settlement agreements reached during litigation. *See Grisham v. Grisham*, 128 Nev. ___, ___, 289 P.3d 230, 233 (2012) (observing that DCR 16 and EDCR 7.50 are analogous and that DCR 16 governs settlement agreements reached during pending litigation without extending its application to pre-litigation agreements).

party has the burden of persuasion at trial, the moving party may show a lack of genuine issues of material fact by revealing "'an absence of evidence to support the nonmoving party's case.'" *Id.* at 603, 172 P.3d at 134 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

We construe the pleadings and evidence "in a light most favorable to the nonmoving party." *Wood*, 121 Nev. at 732, 121 P.3d at 1031. If the moving party has set forth evidence or identified an absence of evidence that would entitle it to summary judgment, however, the burden of the nonmoving party is to "'do more than simply show that there is some metaphysical doubt' as to the operative facts in order to avoid summary judgment." *Id.* (quoting *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The nonmoving party must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him." *Id.* (internal quotations omitted).

A party who asserts an affirmative defense has the burden to prove each element of the defense at trial. *Schwartz v. Schwartz*, 95 Nev. 202, 206 n.2, 591 P.2d 1137, 1140 n.2 (1979). Thus, Coryell would have the burden at trial to prove that the settlement agreement released Manning's claims. Therefore, to obtain summary judgment, Coryell must demonstrate his right to enforce the settlement agreement "in the absence of contrary evidence." *Cuzze*, 123 Nev. at 602, 172 P.3d at 134.

"Because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *Certified Fire Prot.,*

*Inc. v. Precision Constr., Inc.*, 128 Nev. ___, ___, 283 P.3d 250, 255 (2012) (internal quotations omitted). Consideration is "'a performance or return promise'" given in exchange for the initial promise. *Pink v. Busch*, 100 Nev. 684, 688, 691 P.2d 456, 459 (1984) (quoting Restatement (Second) of Contracts § 71(1) (1981)). A promise which imposes a legal duty or liability on the promisor is sufficient. *See Mayer Hoffman McCann, P.C. v. Barton*, 614 F.3d 893, 903 (8th Cir. 2010) (holding that "mutual promises imposing some legal duty or liability on each promisor . . . [are] sufficient consideration to form a valid, enforceable contract" (internal quotations omitted)). "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." *Certified Fire Prot.*, 128 Nev. at ___, 283 P.3d at 255. To determine which terms are essential to the contract, courts look to the agreement, its context, and the parties' post-agreement conduct. *Id.*

Here, neither party disputes that there was an offer and an acceptance. Manning, however, argues that there was not a meeting of the minds or sufficient consideration. The transcript of the call between Manning and the insurance adjustor demonstrates the existence of the offer and acceptance because it shows that the insurance adjustor offered to have the insurer pay Manning $1,300 in exchange for the release of his claims against Coryell and that Manning agreed to this offer. Though Manning testified that portions of his conversation with the insurance adjustor were not transcribed, he did not testify that either party promised any additional benefits to the other party or placed any limitations on its promise. Thus, Manning did not proffer evidence to dispute the existence of this agreement, the amount of money promised by

Coryell's insurer, or the nature of the release that he promised to make. Therefore, the transcript also evidences a meeting of the minds.

Because the parties each exchanged promises that imposed a legal duty on its maker, the mutual promises constituted sufficient consideration. Therefore, the settlement agreement was a validly formed contract that released Manning's claims against Coryell.

*Conclusion*

The district court's order granting Coryell's motion to have Manning's lawsuit "dismissed in its entirety" relied upon the transcript of Manning's conversation with the insurance adjustor and the transcript of Manning's deposition. Therefore, it was an order granting summary judgment. Because there is no genuine issue of material fact as to the validity of the enactment of the settlement agreement, the district court did not err in granting Coryell's motion. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas Smith, District Judge
Jack C. Cherry, Settlement Judge
Stovall & Associates
The Howard Law Firm
Eighth District Court Clerk