**136 Nev., Advance Opinion 27**

IN THE SUPREME COURT OF THE STATE OF NEVADA

EMILIA GARCIA,
Appellant,
vs.
ANDREA AWERBACH,
Respondent.

No. 71348

**FILED**

MAY 21 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court judgment, certified as final under NRCP 54(b), in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Vacated and remanded.*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, and D. Lee Roberts, Jr., Ryan T. Gormley, and Timothy A. Mott, Las Vegas; Glen J. Lerner & Associates and Corey M. Eschweiler, Las Vegas,
for Appellant.

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, and Abraham G. Smith, Las Vegas; Mazzeo Law LLC and Peter A. Mazzeo, Las Vegas,
for Respondent.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

20-19376

*OPINION*

By the Court, HARDESTY, J.:

The original district court judge assigned to this case entered a discovery sanction against respondent establishing as a matter of law that respondent permitted her son to drive the vehicle involved in an accident that injured appellant. When a new district court judge was assigned to the matter, that judge *sua sponte* determined that establishing permissive use as a matter of law was unfair because it would prevent respondent from defending against appellant's punitive damages claim. We now clarify that permissive use, established as a matter of law, does not prevent a defendant from defending against a claim for punitive damages. We further conclude that the timing of the district court's modification of the discovery sanction was prejudicial, as trial had begun. We therefore reverse the district court's order modifying the discovery sanction and remand for a new trial.

## *FACTS AND PROCEDURAL HISTORY*

Jared Awerbach was driving respondent Andrea Awerbach's car when he and appellant Emilia Garcia were involved in a collision. Emilia filed an amended complaint against Jared for negligence and driving under the influence, against Andrea for negligent entrustment and liability under NRS 41.440, and against both parties for punitive damages. Andrea's answer to Emilia's original complaint admitted that she had entrusted her car to Jared. Additionally, in Andrea's response to Emilia's request for admissions, Andrea admitted that Jared was operating her car with her permission on the day of the collision. However, Andrea denied giving Jared permission to drive her car (1) in her answer to the amended complaint, (2) in her response to Emilia's interrogatories, (3) in two depositions, and (4) at trial.

(O) 1947A

During discovery, Emilia sought production of Andrea's insurance claims file regarding the collision. Andrea produced the file but redacted a claims note pertinent to the permissive-use issue in this case. Emilia obtained the unredacted version of the claims note after she subpoenaed the file from Andrea's insurer. The redacted portion of the note stated that Andrea had let Jared use her car in the past to practice for his driver's permit; Andrea let Jared take her keys earlier that day to get something from her car; and Andrea usually kept her keys on the mantle, where Jared would have had access to them. The note also stated, however, that Andrea did not give Jared permission to, or know that he would, drive her car on the day of accident.

Emilia filed a motion to strike Andrea's answer to the amended complaint as a discovery sanction for withholding the claims note. District Court Judge Nancy Allf, the original judge presiding over the case, entered an order denying Emilia's motion to strike Andrea's answer but granted a discovery sanction against Andrea that established permissive use as a matter of law. Specifically, Judge Allf found that "Andrea gave [Jared] permission to use the car and a finding of permissive use is appropriate because the claims note was concealed improperly, was relevant, and was willfully withheld by [ ] Andrea." Andrea filed a motion seeking relief from this order, which was denied. The order denying Andrea's motion for relief stated that the

> finding of permissive use does not prevent adjudication on the merits because [Emilia] still maintains the burden of showing causation and damages. The withholding of the note and the misleading privilege log was willful, and sanctions are necessary . . . . The sanction was crafted to

provide a fair result to both parties, given the severity of the issue.[1]

In August 2015, Judge Allf recused herself from the case due to a conflict with Jared's new counsel. The matter was assigned to District Court Judge Jerry Wiese. In February 2016, on the first day of trial, Judge Wiese informed the parties of his intent to modify the discovery sanction. Although Judge Wiese acknowledged that Judge Allf found permissive use as a matter of law, he stated that he would move forward with the order based on Judge Allf's intention. Judge Wiese stated that he had spoken with Judge Allf and her intention was for the parties to present contradictory statements regarding permissive use at trial. Additionally, Judge Wiese stated that Judge Allf also intended for the sanction to be a rebuttable presumption of permissive use. Judge Wiese further informed the parties that Emilia was not obligated to introduce evidence of permissive use, but that Andrea could introduce evidence that rebutted the presumption. On the fifth day of trial, Judge Wiese *sua sponte* entered an order modifying Judge Allf's discovery sanction so that permissive use was established as a rebuttable presumption, instead of as a matter of law. The modification order stated that regardless of whether Judge Wiese had contacted Judge Allf, and regardless of her intention, he believed it "more 'fair' to all involved parties[ ] to modify" the order. Judge Wiese's order modifying the sanction provided:

---

[1]Andrea filed a petition for a writ of mandamus or prohibition with this court seeking to vacate Judge Allf's sanction, which we denied. *Awerbach v. Eighth Judicial Dist. Court*, Docket No. 68602 (Order Denying Petition for Writ of Mandamus or Prohibition, Sept. 11, 2015).

The Court was not inclined to disturb the prior findings and orders of Judge Allf, but the Court was faced with the dilemma that Judge Allf's prior [o]rder not only established "permission" by Andrea Awerbach to Jared Awerbach, but *it also essentially established an element of [Emilia's] claim for punitive damages* against Andrea Awerbach, without allowing Ms. Awerbach the opportunity to explain herself. This Court was not comfortable with such a finding, especially as it applied to the punitive damages claim. . . . [A]nd instead of "permissive use" being established as a matter of law, this Court will impose a [r]ebuttable [p]resumption that "permissive use" is established against Andrea Awerbach. The presumption still serves the purpose of sanctioning [Andrea] for the discovery improprieties, . . . and allows [Andrea] the opportunity to defend against [Emilia's] claim for punitive damages.

(Emphasis added.)

At trial, Andrea introduced evidence rebutting the permissive use presumption. The jury ultimately found in favor of Andrea on the ground that she "did not give express or implied permission to Jared" to use her car on the collision date and "did not negligently entrust her [car] to an inexperienced or incompetent person" on that date.[2] The district court entered judgment in favor of Andrea. Emilia now appeals, arguing that Judge Wiese erred in modifying Judge Allf's finding of permissive use as a matter of law.

---

[2]The jury also found in favor of Emilia against Jared, but because this appeal from a judgment certified as final under NRCP 54(b) only concerns claims against Andrea, we do not address any issue concerning claims against Jared.

SUPREME COURT
OF
NEVADA

(O) 1947A

## DISCUSSION

*The district court erred in finding that permissive use, established as a matter of law, prevented Andrea from defending against the punitive damages claim*

Emilia claimed that Andrea was liable for Jared's actions because she negligently entrusted her vehicle to him. To establish a prima facie case of negligent entrustment, a plaintiff must show two key elements: (1) that an entrustment occurred, and (2) that the entrustment was negligent. *Zugel v. Miller*, 100 Nev. 525, 528, 688 P.2d 310, 313 (1984).

Emilia also sought punitive damages against Andrea for her negligent entrustment. "A plaintiff is not automatically entitled to punitive damages." *Bongiovi v. Sullivan*, 122 Nev. 556, 581, 138 P.3d 433, 450 (2006). "[P]unitive damages may be awarded when the plaintiff proves by clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, express or implied." *Id.* at 581, 138 P.3d at 450-51 (internal quotations omitted); *see also* NRS 42.005(1). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." NRS 42.001(4). "'Fraud' means an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his or her rights or property or to otherwise injure another person." NRS 42.001(2). Express malice is conduct intended to injure a person, while implied malice is despicable conduct that a person engages in with conscious disregard of another's rights. *Bongiovi*, 122 Nev. at 581, 138 P.3d at 451; *see also* NRS 42.001(3). A defendant acts with conscious disregard when he or she has "knowledge of the probable harmful consequences of a wrongful act and . . . willful[ly] and deliberate[ly] fail[s] to act to avoid those consequences." NRS 42.001(1). "In other words, under NRS 42.001(1), to

justify punitive damages, the defendant's conduct must have *exceeded* mere recklessness or gross negligence." *Wyeth v. Rowatt*, 126 Nev. 446, 473, 244 P.3d 765, 783 (2010) (emphasis added) (internal quotation omitted).

Emilia asserts that permissive use, established as a matter of law, could not affect the punitive damages claim because permissive use establishes only one element of negligent entrustment, not the entire claim. We agree. A finding of permissive use establishes that an entrustment occurred. It does not, however, establish the second element of negligent entrustment—that the entrustment was negligent. Accordingly, even if the district court found permissive use as a matter of law, Emilia still had to prove that Andrea's entrustment was negligent to succeed on her claim of negligent entrustment.

Additionally, the permissive use finding could not have prevented Andrea from defending against the punitive damages claim, even if Emilia had proven her underlying claim of negligent entrustment. Because the tort of negligent entrustment does not require proof of a culpable state of mind, a finding of negligent entrustment is not by itself sufficient to justify punitive damages. Negligent entrustment requires a showing that the entrustment was negligent, but a punitive damages award requires a showing that the defendant's conduct exceeded mere recklessness or gross negligence. Thus, we conclude that the district court's finding of permissive use established as a matter of law, without more, does not establish oppression, fraud, or malice for purposes of punitive damages.

In the instant case, the original sanction establishing permissive use as a matter of law did not necessarily establish the culpable state of mind required to prove a punitive damages claim. Accordingly, the sanction could not, as a matter of law, affect Andrea's ability to defend

SUPREME COURT
OF
NEVADA

(O) 1947A

7

against the punitive damages claim.[3]  Therefore, the district court committed legal error by modifying the sanction on this ground.

*The timing of the district court's sua sponte modification of the discovery sanction was prejudicial*

The district court informed the parties of its intent to modify the discovery sanction on the first day of trial and entered its order on the fifth day of trial, approximately one year after Judge Allf granted the discovery sanction.  Emilia argues the timing of the modification unfairly prejudiced her ability to present her case at trial.  We agree.

In its order modifying the sanction, the district court acknowledged that such modification "may result in the parties needing to modify how they planned to present this case to the jury."  During the district court proceedings below, Emilia raised concerns about the timing of the modification.  Although the district court offered expedited discovery and alternative accommodations, we are not convinced that the district court's timing in modifying the sanction was not unduly prejudicial given the circumstances of the underlying case.[4]

_____

[3]We acknowledge that Andrea admitted to other facts, which combined with a permissive use finding as a matter of law may have affected her ability to defend against the punitive damages claim.  Andrea's concession to these other facts, however, does not warrant the modification of the discovery sanction when permissive use, alone, cannot affect her ability to defend against the punitive damages claim.

[4]Emilia's counsel suggested that she would need more time to depose witnesses and gather evidence to prove an additional element of her negligent entrustment claim.  However, any additional delays regarding the trial date risked running afoul of the five-year rule. *See* NRCP 41(e)(2)(B) ("The court must dismiss an action for want of prosecution if a plaintiff fails to bring the action to trial within 5 years after the action was filed.").  Although Emilia was willing to waive the five-year rule and seek a

The original sanction guided Emilia's discovery strategy and trial preparation. Prior to the district court's modification of the sanction, Emilia did not have to present any evidence regarding permissive use because Judge Allf's order had established it as a matter of law. Following the modification, if Andrea presented evidence rebutting the presumption, Emilia would need evidence to support the presumption. Given that the parties were explicitly informed of the district court's intent to modify the sanction on the first day of trial, we conclude Emilia was prejudiced in presenting evidence on the issue of permissive use. *See Meyers v. Garmire*, 324 So. 2d 134, 135 (Fla. Dist. Ct. App. 1975) (finding that, although the trial court was permitted to modify a pretrial order that limited the issues to be presented at trial, permitting the addition of matters outside the scope of the pretrial order at the time of trial was prejudicial to petitioners, who were not prepared to present evidence on those issues). Therefore, we conclude the district erred in the timing of its *sua sponte* modification of the discovery sanction.

---

continuance to adequately prepare for the issue of permissive use, Andrea was not. Accordingly, the district court moved forward with the original trial date.

Accordingly, we vacate the underlying judgment, reverse the district court's order modifying the discovery sanction, and remand this matter to the district court for a new trial.[5]

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver

---

[5]Although not raised at the district court proceedings below, Emilia argues on appeal that Judge Wiese improperly modified the sanction based on his communication with Judge Allf in violation of District Court Rule (DCR) 18(1) because Judge Allf did not provide Judge Wiese with a written request that he modify the sanction. *See* DCR 18(1) (providing that "[w]hen any district judge shall have entered upon the trial or hearing of any cause, proceeding or motion, or made any ruling, order or decision therein, no other judge shall do any act or thing in or about such cause, proceeding or motion, unless upon the written request of the judge who shall have first entered upon the trial or hearing of such cause, proceeding or motion."). Emilia additionally argues that Judge Wiese's decision to modify the sanction based on his communication with Judge Allf was improper because a judge should have no influence or involvement in a case once they have been recused. Given our disposition, however, it is not necessary to reach these issues.