# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARVEST MANAGEMENT SUB LLC,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL,
Respondents,
and
AARON M. MORGAN; AND DAVID E.
LUJAN,
Real Parties in Interest.

No. 80837



FILED

SEP 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

AARON M. MORGAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL,
Respondents,
and
HARVEST MANAGEMENT SUB LLC,
Real Party in Interest.

No. 81975

## ORDER DENYING PETITION

These are consolidated petitions for writs of mandamus challenging a district court order denying a motion for entry of judgment and ordering a separate trial under NRCP 42(b).

Having reviewed the petitions and heard oral argument, we decline to exercise our discretion to entertain either petition. *See City of*

21-26602

*Mesquite v. Eighth Judicial Dist. Court*, 135 Nev. 240, 242, 445 P.3d 1244, 1248 (2019) (explaining that entertaining a writ petition is discretionary). In particular, we are not persuaded that an appeal following a final judgment would be an inadequate remedy. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) ("[T]he right to appeal is generally an adequate legal remedy that precludes writ relief.").

Accordingly, we

ORDER the petitions DENIED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

HERNDON, J., with whom HARDESTY, C.J., joins, dissenting:

I respectfully disagree with my colleagues, as I would entertain Harvest's petition and, because the district court manifestly abused and capriciously exercised its discretion and Harvest lacks a plain, speedy, and adequate remedy in the ordinary course of law, I would issue a writ of mandamus. Unlike the majority, I cannot overlook the extent of the district court's several errors, and I believe they warrant some examination.

*Entertaining the petition would serve judicial economy and sound judicial administration, and clarify an important issue of law*

I would entertain Harvest's petition because doing so would serve judicial economy and sound judicial administration. *Scarbo v. Eighth Judicial Dist. Court*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009). A second trial is unwarranted and would be a waste of the district court's limited time and resources, and this court could easily resolve the issues presented here by entertaining Harvest's petition and granting the relief Harvest requests.

I would also entertain the petition because "an important issue of law [that] requires clarification" is involved. *Id.* (quoting *State v. Second Judicial Dist. Court (Epperson)*, 120 Nev. 254, 258, 89 P.3d 663, 665-66 (2004)). Although we have already explained that a vicarious-liability claim requires proof that "the action complained of occurred within the scope of the actor's employment," *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1223, 925 P.2d 1175, 1179 (1996), that rule apparently now requires some clarification, or at least reiteration. Had the district court properly applied that rule, it surely would not have granted Morgan a separate trial to prove vicarious liability when he failed to even mention it, much less carry his burden of proof, during the first trial.

*The district court manifestly abused and capriciously exercised its discretion*

Having decided to entertain Harvest's petition, I would issue a writ of mandamus because the district court manifestly abused and capriciously exercised its discretion in ordering the separate trial. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981); *see also Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (explaining that "we can issue traditional mandamus only where the lower court has *manifestly* abused that discretion or acted arbitrarily or capriciously"). By denying Harvest's motion to enter judgment and by ordering a new trial to decide an issue that Morgan neither pleaded nor even attempted to prove at trial, the district court erred in several ways.

*Morgan failed to plead vicarious liability*

First, the district court manifestly abused and capriciously exercised its discretion by finding that Morgan pleaded vicarious liability. In his complaint, Morgan entitled one of his claims "Vicarious Liability/Respondeat Superior." But, below that heading, he alleged and addressed only the elements of negligent entrustment.[1]

As Harvest points out, we have "consistently analyzed a claim according to its substance, rather than its label." *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev. 799, 809, 312 P.3d 491, 498 (2013). Nonetheless, in the district court's order denying Harvest's motion for entry of judgment and ordering a separate trial, the court rejected Harvest's

---

[1]In particular, the only substantive allegation was "[t]hat as a direct and proximate cause of the negligent entrustment of the Vehicle by Defendant HARVEST MANAGEMENT SUB LLC. to Defendant DAVID E. LUJAN, Plaintiff has been damaged in an amount in excess of $10,000.000."

argument that Morgan had pleaded only negligent entrustment, instead finding that "Morgan alleged vicarious liability/respondeat superior."

That finding was contrary to, and a clearly erroneous interpretation or application of, *Otak's* substance-over-label rule, so it was an arbitrary and capricious exercise of discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (citing *Black's Law Dictionary* (9th ed. 2009) for the proposition that "[a]n arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason,' or 'contrary to the evidence or established rules of law'" (internal citations omitted)). In his claim, Morgan pleaded only negligent entrustment, and, as I discuss below, he did not prove it, so the district court should have entered judgment for Harvest.[2] I would issue a writ of mandamus ordering the district court to do so.

*Even if Morgan pleaded vicarious liability, he failed to prove or even mention it at trial*

Further, even if the heading of Morgan's negligent-entrustment claim somehow constituted a vicarious-liability claim, the district court erred by failing to apply the burden-of-proof rule for a vicarious-liability claim. The district court found that there was insufficient evidence to support either proposition—that Lujan was acting within the scope of his employment, or that he was not—but did not find that either Harvest or Morgan bore the burden of proof. Instead, it ordered a separate trial at which it would presumably determine who bore the burden of proof.

---

[2]Morgan alternatively argues that the parties tried the vicarious-liability issue by implied consent. But he cites a rule that requires several conditions for trial by implied consent, none of which he addresses further, let alone claims to have satisfied, and all of which he plainly *didn't* satisfy. *Schwartz v. Schwartz*, 95 Nev. 202, 205, 591 P.2d 1137, 1140 (1979).

But, as Harvest argues, the *plaintiff* bears the burden of proof. *See Rockwell*, 112 Nev. at 1223, 925 P.2d at 1179 ("[A]n actionable claim on a theory of respondeat superior requires proof that (1) the actor at issue was an employee, and (2) the action complained of occurred within the scope of the actor's employment."). The district court's failure to apply that rule was a capricious exercise of discretion. *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780. This is another independently sufficient ground on which to issue mandamus. Even if the district court was correct that Morgan pleaded vicarious liability, because he bore the burden of proof and the district court found that he "fail[ed] to establish that Mr. Lujan was acting within the scope of his employment," it should have entered judgment for Harvest. Thus, for this reason too, I would issue a writ of mandamus ordering the district court to do so.

*Morgan failed to prove negligent entrustment*

Further still, the district court capriciously exercised its discretion by denying Harvest's motion as to the negligent-entrustment claim, despite Morgan's failure to prove it.[3]

"To establish a prima facie case of negligent entrustment, a plaintiff must show two key elements: (1) that an entrustment occurred, and (2) that the entrustment was negligent." *Garcia v. Awerbach*, 136 Nev.

---

[3]Given Morgan's confusing vicarious-liability/negligent-entrustment claim(s), Harvest sensibly moved for entry of judgment on both vicarious liability *and* negligent entrustment. For reasons that remain unclear, the district court addressed only vicarious liability in its order denying that motion. But, by denying the motion outright, it denied the motion as to both claims despite its failure to address negligent entrustment. *See Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000) (explaining that a district court's omission to rule on a motion constitutes a denial of the motion).

Supreme Court
OF
Nevada

(O) 1947A

229, 232, 463 P.3d 461, 464 (2020). "Under this doctrine, a person who knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle, may be found liable for damages resulting thereby." *Zugel v. Miller*, 100 Nev. 525, 527, 688 P.2d 310, 312 (1984).

As Harvest notes, Morgan never even attempted to prove negligent entrustment at trial. Harvest conceded the first element by admitting in its answer to Morgan's complaint that it entrusted Lujan with the bus, but Harvest disputed the second element. And, as Harvest argues and Morgan does not dispute, Morgan never mentioned the second element or the claim itself at trial. In an interrogatory before trial, Morgan asked Harvest to identify the pre-hiring procedures it used before hiring Lujan and to specify whether it had ever disciplined him for his driving before the accident. But Morgan seemingly lost interest in the claim when he learned that Lujan's driving records "came back clear" and Harvest had never disciplined him. Morgan tacitly concedes all of this by failing to dispute it in his answer. *See Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to dispute an argument as conceding the point).

The district court capriciously exercised its discretion because denying Harvest's motion for entry of judgment was "contrary to the evidence or established rules of law." *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780 (quoting *Capricious, Black's Law Dictionary* (9th ed. 2009)). This is yet another independently sufficient ground on which to issue mandamus. At trial, Morgan did not pursue or prove negligent entrustment, so the district court should have entered judgment for Harvest

on that claim too. For this additional reason, I would issue a writ of mandamus ordering the district court to do so.

*Harvest has no plain, speedy, or adequate remedy in the ordinary course of law*

Finally, having identified several errors requiring some remedy, I would issue the writ because doing so is compulsory under NRS 34.170. Harvest has no plain, speedy, and adequate remedy in the ordinary course of law, so a writ of mandamus is warranted. *See* NRS 34.170 (providing that a writ of mandamus "shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law"); *Voss v. State*, Docket No. 75471, at *1 (Order Dismissing Appeal, May 11, 2018) (explaining that an order denying a motion for entry of judgment is not appealable). Although Harvest may challenge the order of a separate trial in an appeal after the ultimate outcome of the separate trial, it lacks any speedy and adequate remedy for the district court's errors in that order except a writ of mandamus.[4]

---

[4]The district court's order was essentially a denial of a motion to dismiss. Because the district court not only denied entry of judgment but also ordered a separate trial, the effect is the same as denying a motion to dismiss: the issue goes to trial, and Harvest may appeal the resulting judgment. And, when we consider a petition challenging an order erroneously denying a motion to dismiss, we consider an appeal an inadequate remedy if the district court was required pursuant to clear authority to dismiss the action. *See, e.g., Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1348, 950 P.2d 280, 283 (1997) (explaining that, because the district court erroneously denied a motion to dismiss and strike a cross-claim, "an appeal following final judgment would be an inadequate remedy"); *see also Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) (explaining that "an appeal is not an adequate and speedy legal remedy" for the district court's erroneous denial of a motion to dismiss "given the early stages of litigation and policies

Supreme Court
of
Nevada

(O) 1947A

Thus, for the reasons stated above, I would issue a writ of mandamus directing the district court to vacate its order granting a separate trial and enter an order of judgment for Harvest on any potential vicarious-liability claim and on the negligent-entrustment claim. Conversely, I would summarily deny Morgan's writ petition because he is not entitled to a judgment against Harvest.

_____, J.
Herndon

I concur:

_____, C.J.
Hardesty

cc:     Hon. Linda Marie Bell, Chief Judge
        Bailey Kennedy
        Richard Harris Law Firm
        Claggett & Sykes Law Firm
        David E. Lujan
        Eighth District Court Clerk

---

of judicial administration"). Because the district court's order was erroneous, an appeal is an inadequate remedy here.