IVORY RANCH, INC., A NEVADA CORPORATION, APPEL-
LANT AND CROSS-RESPONDENT, v. QUINN RIVER
RANCH, INC., A NEVADA CORPORATION; PRODUCER'S
LIVESTOCK LOAN COMPANY, A UTAH CORPORATION;
CHARLES WOODS, INDIVIDUALLY AND MARVIN
JACKSON, INDIVIDUALLY, RESPONDENTS AND CROSS-
APPELLANTS.

No. 16033

September 5, 1985                                705 P.2d 673

*Robison, Lyle, Belaustegui & Robb,* and *Creighton C. Skau,*
Reno; *Beasley & Holden,* Reno; *John M. Doyle,* Winnemucca,
for Appellant and Cross-Respondent.

*Jack T. Bullock,* Winnemucca, for Respondents and Cross-
Appellants.

## OPINION

*Per Curiam:*

This is an appeal from a judgment which credited to Quinn

River Ranch $88,560, as a result of mutual mistake in the valuation of cattle for sale. Because we agree with Ivory Ranch that the issue of mutual mistake was never pleaded or presented to the court, we reverse and remand for a modification of the judgment.

## The Facts

On October 21, 1981, appellant Ivory Ranch, Inc. (seller) and respondent Quinn River Ranch, Inc. (buyer) contracted for, among other things, the purchase of cattle at a price which was to be established by two qualified appraisers. The cattle were to be selected, valued, and paid for ''as soon as practical after date of closing on December 15, 1981, and no later than February 15, 1982.'' The appraisals were completed on March 15, 1982, and were telephoned to the ranch manager of Quinn River Ranch. Subsequently, the accountant for Quinn River Ranch prepared a Bill of Sale, and a total amount of $1,541,650 was paid to Ivory Ranch for the cattle on May 14, 1982. On May 25, 1982, the President of Ivory Ranch confirmed (by letter) the sale of cattle to Quinn River Ranch for $1,541,650.

A later disagreement arose over whether the amount paid for the cattle should have accrued interest from February 15, 1982. Neither party ever disputed the principal sum of $1,541,650 as set forth in the Bill of Sale. The district court determined that interest should have accrued but that the Bill of Sale did not accurately reflect the purchase price of the cattle. This determination was based on the testimony of the Quinn River Ranch manager as to the number of cattle present on March 15, 1982, and their estimated worth. The district court ascertained there to be mutual mistake of the parties and reformed this particular aspect of the contract. The reformed instrument reflected the cost of the cattle as $1,453,090. Quinn River Ranch then received a credit for the difference of $88,560. This was reflected as an offset in the judgment.

The central issue before us, is whether the district court erred in reforming the contract as to the price of the cattle.

## Discussion

A question of fact determined by the trial court remains undisturbed unless it is found to be clearly erroneous or not based on substantial evidence. Stickelman v. Moroni, 97 Nev. 405, 407, 632 P.2d 1159, 1161 (1981); NRCP 52(a).

NRCP 9(b) requires that special matters (fraud, mistake, or condition of the mind), be pleaded with particularity in order to

afford adequate notice to the opposing party. Nowhere in the pleadings or the trial statements did either party dispute the purchase price of the cattle. Nor did the district court make it known to the parties that the issue was being considered. The case was tried on the assumption that the Bill of Sale correctly reflected the purchase price. It would be unfair to grant relief based on an issue which was not properly before the district court for determination. *See* Schwartz v. Schwartz, 95 Nev. 202, 205, 591 P.2d 1137, 1140 (1979). Ivory Ranch was deprived of reasonable, prior notice of this particular issue and was denied the opportunity to develop facts and confront the issue. Ivory Ranch suffered prejudice as a result of the finding of the district court.

It is recognized that an affirmative defense can be considered (if not pleaded) if fairness so dictates and prejudice will not follow. *Schwartz,* 95 Nev. at 205; NRCP 15(b). For the reasons elucidated above, it has been established that Ivory Ranch suffered prejudice as a result of the mutual mistake found to exist by the district court.

To allow the district court to reform the contract would violate Ivory Ranch's right to procedural due process and a fair trial. *See* Jimenez v. Tuna Vessel "Granada," 652 F.2d 415 (5th Cir. 1981). Accordingly, we reverse that portion of the district court's ruling and remand for a modification of the judgment.

We are not inclined to consider the assignments of error raised on cross-appeal. Respondents provide two pages of conclusory arguments and fail to cite relevant authority. State Industrial Insurance System v. Buckley, 100 Nev. 376, 682 P.2d 1387 (1984).