# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE MIRAGE CASINO-HOTEL, LLC
AS SUCCESSOR-IN-INTEREST OF
THE MIRAGE CASINO-HOTEL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK B. BAILUS, DISTRICT JUDGE,
Respondents,
    and
MARIAN MALITA; AND SILVANA
MALITA, HUSBAND AND WIFE,
Real Parties in Interest.

No. 73760



FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## *ORDER GRANTING PETITION FOR A WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging the denial of a motion for summary judgment in a tort action. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge.[1]

This case arises from an accident that occurred during a performance of the Cirque du Soleil (Cirque) show LOVE at the Mirage Casino-Hotel in Las Vegas. Marian Malita was an acrobat for the show and his act involved sliding headfirst down a forty-foot rope. Malita's complaint alleged that he would normally control his speed down the rope with the help of an adhesive sprayed on his costume, but that he was injured because Mirage, who employed the wardrobe staff responsible for maintaining the costumes for LOVE, negligently washed the adhesive from his costume.

---

[1]The Honorable Justice Kristina Pickering did not participate in the decision of this matter.

18- 28606

After more than three years of litigation, but with forty-eight days remaining for discovery, Mirage filed a motion for summary judgment asserting that it is immune from liability under the Nevada Industrial Insurance Act (NIIA) because it is in the "same trade, business, profession, or occupation as" Malita's employer, Cirque. Mirage had not previously asserted NIIA statutory immunity in its answer as an affirmative defense, nor did it identify such immunity in response to the Malitas' interrogatories. Following briefing and a hearing, the district court issued an order denying Mirage's motion for summary judgment based on waiver of NIIA immunity under NRCP 8(c). Mirage then filed a motion for reconsideration and the district court subsequently issued a revised order, holding that Mirage had not only waived NIIA statutory immunity under NRCP 8(c), but also that Mirage was not entitled to assert such immunity because it was not in the same trade, business, profession, or occupation as Cirque. Mirage proceeded to file the instant petition for a writ of mandamus.

## DISCUSSION

*We exercise our discretion to entertain Mirage's writ petition*

"A writ of mandamus is available to compel the performance of an act that the law requires . . . , or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011) (citation omitted). Where there is no "plain, speedy and adequate remedy in the ordinary course of law," extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). We may also exercise our discretion to hear such petitions "when an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *State Dep't of Transp. v. Eighth Judicial Dist. Court*, 133 Nev., Ad. Op. 70, 402 P.3d 677, 681 (2017) (citation omitted).

We elect to consider Mirage's writ petition because the resolution of this case requires clarification of the law regarding waiver of statutory immunity under the NIIA. Moreover, the factual scenario of this case does not fit with prior Nevada caselaw interpreting the NIIA. *Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 953-54, 338 P.3d 1250, 1253 (2014) (noting that this court will grant writ relief where "summary judgment is clearly required by a statute or rule, or an important issue of law requires clarification"); *Cote H. v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). Accordingly, we entertain this petition on the merits.

*The district court abused its discretion by finding Mirage waived NIIA immunity*

We review de novo the district court's denial of Mirage's motion for summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Furthermore, summary judgment is only appropriate if the pleadings and other evidence on file, viewed in a light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law. *Id.* We will view the evidence "and any reasonable inferences drawn from it . . . in a light most favorable to the nonmoving party." *Id.*

In its order, the district court held that Mirage "waived the defense of statutory immunity under the NIIA." The district court's reasons for denying summary judgment included failure to timely plead NIIA immunity under NRCP 8(c), that the Malitas "were prejudiced by having to litigate this matter for three years before the defense of statutory immunity was raised," and that legislative intent does not allow a defendant to raise

NIIA statutory immunity so late in the litigation.[2] NRCP 8(c) details which defenses must be affirmatively asserted. It also contains "a catchall provision that includes any other matter constituting an avoidance or affirmative defense." *Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 619, 218 P.3d 1239, 1245 (2009) (internal citation and quotations omitted). We have already recognized that statutory immunity under the NIIA is an affirmative defense. *See e.g., McColl v. Scherer*, 73 Nev. 226, 228, 315 P.2d 807, 808 (1957) ("Under the first affirmative defense . . . defendants urged that compensation under the [NIIA] was plaintiff's exclusive remedy.").

Generally, an affirmative defense not raised in the pleadings is deemed waived, unless the opposing party is given "reasonable notice and an opportunity to respond." *Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980). Additionally, an affirmative defense may be considered, even if not pleaded, "if fairness so dictates and prejudice will not follow." *Ivory Ranch, Inc. v. Quinn River Ranch, Inc.*, 101 Nev. 471, 473, 705 P.2d 673, 675 (1985). Thus, Mirage had to affirmatively assert NIIA immunity unless the Malitas's had "reasonable notice and an opportunity to respond," *Williams*, 96 Nev. at 860, 619 P.2d at 1221, "and prejudice [would] not follow." *Ivory Ranch, Inc.*, 101 Nev. at 473, 705 P.2d at 675.

It is undisputed that Mirage did not plead statutory immunity under the NIIA in its answer as an affirmative defense, nor did it raise the NIIA in response to the Malitas' interrogatory requesting identification of "any defenses upon which you intend to rely at the time of trial." Instead, Mirage first raised its NIIA defense via motion for summary judgment three years into litigation, but with forty-eight days remaining for discovery.

---

[2]We conclude the legislative intent finding is not supported and therefore decline to address it.

While we have not addressed waiver of an affirmative defense within the specific context of workers' compensation, we have addressed the issue in conjunction with other statutory affirmative defenses. For example, in *Williams v. Cottonwood Cove Dev. Co.*, the respondents first raised an NRS 88.100 affirmative defense in a motion for summary judgment over a year into litigation. 96 Nev. at 860-61, 619 P.2d at 1221. We held that because the appellants "had an opportunity and did respond to the motion and no prejudice attached," the respondent was "not . . . precluded from raising as a defense failure to comply with the provisions of NRCP 8(c)." *Id.*

Within the workers' compensation context, other jurisdictions have recognized that statutory immunity may be waived if not timely plead as an affirmative defense. *Troxler v. Owens-Illinois, Inc.*, 717 F.2d 530, 533 (11th Cir. 1983) (holding that because the defendant "failed to raise the claim of statutory immunity in its defensive pleadings, this defense was waived"); *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 479 (Mo. 2009) ("[F]ailure to timely raise the [Workers' Compensation] Act's applicability as an affirmative defense may constitute a waiver of that defense, just as is the case with other affirmative defenses."); *Doney v. Tambouratgis*, 587 P.2d 1160, 1165 (Cal. 1979) (holding that the defendant who failed to raise immunity as an affirmative defense under California's workers' compensation laws until appeal waived the defense). However, these jurisdictions held that statutory immunity was waived where the affirmative defense was asserted well after the close of discovery. *Troxler*, 717 F.2d at 533 (raised after jury verdict); *McCracken*, 298 S.W.3d at 479 (raised the day before jury trial set to begin); *Doney*, 587 P.2d at 1165 (not raised until appeal).

The Malitas contend they are prejudiced by Mirage's late NIIA defense because they "had no reason or opportunity to conduct discovery on this issue and, as a result, are at a substantial disadvantage in attempting

SUPREME COURT
OF
NEVADA

(O) 1947A

to dispute the Mirage's factual arguments." However, Mirage filed its motion for summary judgment with forty-eight days left in discovery and the Malitas have failed to demonstrate that they were unable to sufficiently conduct discovery concerning NIIA immunity during that time. While recognizing that litigating a case for three years is a substantial burden, that, alone, is insufficient to demonstrate prejudice in light of relevant caselaw illustrating that a defendant may assert an affirmative defense as late as a post-trial motion. As such, we conclude that because the Malitas had forty-eight days left for discovery when they learned of Mirage's NIIA defense, the district court erred in finding that Mirage waived NIIA immunity under NRCP 8(c) and that the Malitas were prejudiced by Mirage's assertion of statutory immunity.[3] *See Williams*, 96 Nev. at 860, 619 P.2d at 1221; *Ivory Ranch, Inc.*, 101 Nev. at 473, 705 P.2d at 675.

*The underdeveloped record precludes us from determining whether Mirage is in the same trade, business, profession, or occupation as Cirque*

Mirage also argues that the district court abused its discretion by finding it was not entitled to assert NIIA immunity because it is not in the same trade, business, profession, or occupation as Cirque. The district court made no factual findings concerning this issue and instead made a broad conclusion of law stating

> While the Court finds Cirque exerted control over the Mirage, the Court finds that Cirque and the Mirage were not in the same business, profession, or occupation. Cirque is a circus engaged in the business of presenting theatrical productions featuring music and acrobatics. The Mirage is in the hotel and casino business. There is no evidence that Mirage's primary business was wardrobe maintenance for theatrical productions.

---

[3]We make no conclusions as to whether Mirage's answers to their interrogatories preclude it from raising statutory immunity.

 

In this case, there are legitimate questions of fact as to whether Mirage is in the same trade, business, profession, or occupation as Cirque. However, "[t]his court is not a fact-finding tribunal; that function is best performed by the district court." *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983). We therefore decline to undertake such an activity and we instruct the district court to further develop the record concerning this issue. Accordingly, we

grant Mirage's petition for a writ of mandamus and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Mirage's motion for summary judgment and to conduct proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark B. Bailus, District Judge
Pyatt Silvestri
Campbell & Williams
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

8

(O) 1947A