# IN THE SUPREME COURT OF THE STATE OF NEVADA

TONYA DA SILVA,
Appellant,
vs.
RAPHAEL ABREU MESQUITA DA
SILVA,
Respondent.

No. 82199

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.[1]

Appellant Tonya Da Silva and respondent Raphael Abreu Mesquita Da Silva were married in 2017. After Tonya relocated from Nevada to New York to accept a new job, Raphael chose to remain in Nevada and Tonya filed a complaint seeking to annul the marriage. Raphael verbally told the district court that he wanted a divorce, not an annulment, early on in the case. Approximately one month before trial, Tonya moved to continue the trial date so she could seek additional evidence in Brazil that she was having difficulty accessing due to the COVID-19 pandemic. The district court denied Tonya's motion for a trial continuance and, after

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-29657

an evidentiary hearing, found no grounds for an annulment and instead entered a divorce decree.

We first reject Tonya's argument that the district court abused its discretion denying her motion to continue trial. *See Bongiovi v. Sullivan*, 122 Nev. 556, 570, 138 P.3d 433, 444 (2006) (explaining that this court reviews a "district court's decision on a motion for continuance for an abuse of discretion"). Tonya urges that she demonstrated good cause for a trial continuance because it was her first request and the COVID-19 pandemic complicated her efforts to secure evidence from Brazil. *See* EDCR 7.30(a) (providing that a party may move the court to continue trial for good cause). We agree with the district court that, because the evidence Tonya sought in Brazil was not relevant to her claim for an annulment, she failed to demonstrate good cause for a continuance. *See* NRS 48.015 (defining relevant evidence); *see also Castillo v. State*, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998) ("District courts are vested with considerable discretion in determining the relevance and admissibility of evidence."). Therefore, we conclude that the district court did not abuse its discretion in denying Tonya's request to continue the trial.[2]

We next conclude that the district court did not abuse its discretion when it found Tonya was not entitled to an annulment. *See*

---

[2]To the extent Tonya argues that, by not allowing her additional time to secure evidence before trial, the district court deprived her of her due process rights to present evidence to support her claim, we decline to consider this argument because she did not raise it until her reply brief. *See Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978) (explaining that this court will not consider issues "raised for the first time in [an] appellant's reply brief").



*Irving v. Irving*, 122 Nev. 494, 498, 134 P.3d 718, 721 (2006) (reviewing annulment proceedings for an abuse of discretion). Tonya sought to annul the parties' marriage due to fraud, claiming that Raphael made misrepresentations about his moral character and intentions to induce her to marry him. *See* NRS 125.340(1) (providing that a marriage can be annulled "[i]f the consent of either party was obtained by fraud [which] has been proved"). We agree with the district court that Tonya failed to show by clear and convincing evidence that Raphael fraudulently induced her to marry him, as Tonya did not demonstrate that Raphael made any of the alleged misrepresentations *before* the marriage; indeed, each of the alleged misrepresentations were made *after* they wed. *See Irving*, 122 Nev. at 497-98, 134 P.3d at 721 (concluding that a party seeking an annulment based on fraud bears a clear and convincing burden of proof and providing that such fraud must occur *before* the marriage).

Having found that Tonya was not entitled to annul the parties' marriage, the district court instead entered a divorce decree, finding that the evidence supported multiple grounds for a divorce. *See* NRS 125.010 (listing causes for divorce). Tonya argues that the district court abused its discretion and violated NRCP 8 by entering a divorce decree because neither she nor Raphael sought a divorce in their pleadings. We disagree. Our review of the record shows that Raphael consistently lodged verbal requests for a divorce with the district court throughout the proceedings below and the district court explicitly told the parties that it would grant a divorce if Tonya could not meet her burden of proof to demonstrate grounds for an



annulment.[3] Thus, although neither party pleaded a claim seeking a divorce, we conclude that Tonya "impliedly consented to the issue [of divorce] being heard." *I. Cox Constr. Co., LLC v. CH2 Invs., LLC*, 129 Nev. 139, 149, 292 P.3d 1202, 1204 (2013); *see also* NRCP 15(b)(2) ("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."). Under these facts, we conclude that the district court did not abuse its discretion by addressing divorce. *See Yount v. Criswell Radovan, LLC*, 136 Nev. 409, 415, 469 P.3d 167, 172 (2020) (reviewing whether an issue not raised in the pleadings was tried by consent for an abuse of discretion and providing that "implied consent . . . depends on whether the parties recognized that an issue not presented by the pleadings entered the case at trial"). Because the parties tried the issue of divorce by consent and the record contains substantial evidence to support grounds for a divorce, we thus conclude that the district court did not abuse its discretion by entering a divorce decree. *See Williams v. Waldman*, 108 Nev. 466, 471, 836 P.2d

---

[3]We further note that Tonya did not object to Raphael's request for a divorce at any point in the proceedings, further supporting that she consented to trying the issue of divorce. *See Elliot v. Resnick*, 114 Nev. 25, 30, 952 P.2d 961, 964-65, (1998) (concluding that an affirmative defense was tried by consent where the issue was raised early and there was no objection to the issue or evidence relevant thereto). Moreover, Tonya has not asserted how she was prejudiced by the district court considering Raphael's request for a divorce. *Cf. Ivory Ranch, Inc. v. Quinn River Ranch, Inc.*, 101 Nev. 471, 473, 705 P.2d 673, 675 (1985) (explaining that an unpled affirmative defense "can be considered . . . if fairness so dictates and prejudice will not follow").

614, 617 (1992) (explaining that "this court has generally upheld district courts' rulings that were supported by substantial evidence and were otherwise free of a plainly appearing abuse of discretion"). We therefore ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                      Gibbons


cc:  Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
     Carolyn Worrell, Settlement Judge
     Michael S. Strange & Associates, LLC
     Page Law Office
     Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.