DALE A. WILLIAMS AND CAROL E. WILLIAMS, APPEL-LANTS, *v.* COTTONWOOD COVE DEVELOPMENT COMPANY, A LIMITED PARTNERSHIP, DON D. TOBEY, THE GENERAL PARTNER, AND T J RENTALS, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 10610

December 3, 1980                                    619 P.2d 1219

*Cochrane, Lehman, Nelson & Rose,* Las Vegas, for Appellants.

*Lionel Sawyer & Collins* and *Dan C. Bowen,* Las Vegas, for Respondents.

## OPINION

By the Court, Batjer, J.:

Respondent Cottonwood Cove Development Company, hereinafter referred to as "Cottonwood", is a limited partnership owning a 21-year leasehold interest along the Colorado River and operating a marina, trailer park, restaurant, and

motel. In January, 1975, the appellants, Dale and Carol Williams, visited the property with the idea of purchasing it. The limited partner, Herman Goeckner, met them and showed them the facilities, but told them "to negotiate and conclude the terms and conditions of the sale" with the general partner, Don Tobey.

Dale Williams met with Tobey in April, 1975, and again in July, 1975. Tobey allegedly represented that he had the absolute authority to negotiate the terms and consummate a sale. On August 8, 1975, after the Williamses rejected a proposed agreement of sale drafted by Tobey, a memorandum of agreement was drafted and signed by Tobey and the Williamses. Goeckner neither signed the memorandum nor gave his written consent to it.

Sometime thereafter, Tobey informed the Williamses that there would be no sale. On February 26, 1976, the Williamses filed a suit for specific performance of the memorandum of agreement, or, in the alternative, $100,000 damages for the lost bargain and $10,000 for expenses; for an injunction to prevent a conveyance of the property; and for an accounting of the profits. Cottonwood filed its answer on March 25, 1976, and an amended answer on August 16, 1977.

On September 21, 1977, Cottonwood moved for summary judgment on the ground that the memorandum was unenforceable against the partnership because Goeckner did not give his written consent or ratification as required by NRS 88.100.[1] The district judge agreed and entered summary judgment in favor of Cottonwood on January 6, 1978, and certified it as final pursuant to NRCP 54(b).[2]

---

[1] NRS 88.100 provides in pertinent part:

A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners, except that without the written consent or ratification of the specific act by all the limited partners, a general partner or all of the general partners have no authority to:

(a) Do any act in contravention of the certificate,

(b) Do any act which would make it impossible to carry on the ordinary business of the partnership. . . .

[2] NRCP 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or

1. The Williamses argue that the summary judgment could not properly be based upon NRS 88.100 because the statute was not pleaded as an affirmative defense. Cottonwood responds that its seventh affirmative defense[3] alleging that the agreement was subject to the execution of a formal agreement was sufficient notice of the requirement of written approval by the limited partner.

NRCP 8(c)[4] requires a party to "set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense". *See also* NRCP 12(b). The pleading must give fair notice of the nature and basis of the claim. *Cf.* Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979) (discussing the sufficiency of a complaint). Respondents' affirmative defense regarding the execution of a formal agreement does not give notice of a defense based upon NRS 88.100, which requires a limited partner's written authorization or ratification for a transfer of all partnership assets.[5]

Failure to timely assert an affirmative defense may operate as a waiver if the opposing party is not given reasonable notice and an opportunity to respond. Schwartz v. Schwartz, 95 Nev. 202, 591 P.2d 1137 (1979). In this case, NRS 88.100 was first raised in a motion for summary judgment sometime after the complaint was filed. However, unlike the appellant in *Schwartz,* the Williamses had an opportunity and did respond

other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[3]The seventh affirmative defense in Cottonwood's amended answer reads:

"The agreement set forth in plaintiffs' complaint was subject to certain conditions subsequent, including the execution of a 'formal agreement of purchase and sale'. Because those conditions subsequent were never satisfied, said agreement is unenforceable."

[4]NRCP 8(c) provides:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

[5]It is undisputed that Goeckner was not informed of the terms of the memorandum until after the deal was called off. He could not have consented to nor ratified the specific act of finalizing the sale.

to the motion and no prejudice attached. Although the better practice would have been to amend its answer pursuant to NRCP 15[6] before moving for summary judgment, Cottonwood will not be precluded from raising as a defense failure to comply with the provisions of NRCP 8(c). *Compare* Home Furniture, Inc. v. Brunzell Const., 84 Nev. 309, 440 P.2d 398 (1968); Second Baptist Ch. v. First Nat'l Bank, 89 Nev. 217, 510 P.2d 630 (1973) (former NRCP 12(h) provided for waiver of all defenses not pleaded, asserted by NRCP 12(b) motion, or tried by consent).

2. The Williamses next argue that Cottonwood should be estopped from asserting lack of authority as a defense because Tobey had apparent authority to consummate the sale of the partnership. We do not reach this question because the provision in NRS 88.100 requiring a limited partner to either give written consent or ratify any act which would make it impossible to carry on the ordinary business of the partnership is unambiguous and absolute.[7] Courts have interpreted New York's identical provision, N. Y. Partnership Law § 98(1)(b) (McKinney), as absolute and not subject to variation by agreement of the partners. *See e.g.* Newburger, Loeb & Co., Inc. v. Gross, 563 F.2d 1057, 1074–75 (2d Cir. 1977), *cert. denied* 434 U.S. 1035 (1978) (holding that the execution of a transfer agreement which consummated the sale of the partnership assets, without the written consent of the limited partners, violated § 98(1)(b)).

The judgment of the district court is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

[6]NRCP 15(b) permits liberal amendment of pleadings during trial "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits".

[7]Compare the rules of construction for partnership, NRS 87.040, with those for limited partnerships, NRS 88.280. The law of estoppel and the law of agency apply under the partnership chapter. There is no mention of their application to limited partnerships.