# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
GUBERLAND LLC-SERIES 3,
Respondent.

No. 70546



FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate the district court's order and remand for further proceedings.

Appellant Nationstar Mortgage argues that the district court erred in concluding that it waived 12 U.S.C § 4617(j)(3) (2012) (the Federal Foreclosure Bar) as a defense in this case. We will assume for purposes of this case that preemption based on the Federal Foreclosure Bar is an affirmative defense under NRCP 8(c).[1] *See Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 393, 168 P.3d 87, 94 (2007)

---

[1]Because it is not well-developed, we express no opinion regarding Nationstar's argument that the Federal Foreclosure Bar cannot be waived based on the failure to timely assert it as an affirmative defense under NRCP 8(c).

SUPREME COURT
OF
NEVADA

(O) 1947A

18-22861

(explaining that a defense falls under the "catchall" provision in NRCP 8(c) if it raises "new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true" (internal quotation marks and citations omitted)); *see also Fifth Third Bank ex rel. Tr. Officer v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005) ("Federal preemption is an affirmative defense . . . ."). "Failure to timely assert an affirmative defense may operate as a waiver if the opposing party is not given reasonable notice and an opportunity to respond." *Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1278, at 671 (3d ed. 2004) ("[T]he substance of many unpleaded Rule 8(c) affirmative defenses may be asserted by pretrial motions, particularly in the absence of any showing of prejudice to the opposing party and assuming it has had an opportunity to respond."). Here, Nationstar raised the defense in its countermotion for summary judgment, such that respondent Guberland LLC had reasonable notice and an opportunity to respond. Although the district court determined that some of the documents establishing the facts relevant to the defense were not produced before discovery closed on February 22, 2016, Nationstar's "Second Supplemental Disclosures" served on February 2, 2016, indicate that NRCP 30(b)(6) witnesses for Nationstar and Bank of America would testify regarding Fannie Mae's ownership of the loan and include a letter to the homeowner indicating that Nationstar was servicing the loan on behalf of

Fannie Mae (Bates No. NSM000830).[2] But even if the relevant disclosures had been untimely such that Guberland was surprised by the defense, Guberland had an opportunity to respond and could have requested a continuance under NRCP 56(f) if it believed additional discovery would lead to evidence supporting its opposition. Under the circumstances, we cannot agree with the district court that Nationstar was precluded from raising the Federal Foreclosure Bar in its countermotion for summary judgment. *Cf. Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 450 (1st Cir. 1995) (holding that trial court did not abuse its discretion in denying defense motion for leave to amend the pleadings to assert affirmative defense where defense sought change five days before trial, which would have required plaintiff to conduct additional discovery, research, and preparation).

Nationstar further argues that the district court erred in alternatively concluding that the Federal Foreclosure Bar did not apply because Fannie Mae was not the beneficiary of the deed of trust. As this court has explained, different parties may hold the note and the deed of trust. *In re Montierth*, 131 Nev. 543, 547, 354 P.3d 648, 650-51 (2015). Where that is the case, the note remains secured "if there is *either* a principal-agent relationship between the note holder and the mortgage holder, *or* the mortgage holder 'otherwise has authority to foreclose in the

---

[2]The record also includes a deed of trust recorded January 31, 2008, long before Guberland's predecessor purchased the property at the HOA foreclosure sale, which states it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT—WITH MERS." Other courts have reasoned that similar language provided "some record notice that the loan might be sold to Fannie Mae." *Nationstar Mortg. LLC v. Tow Props., LLC II*, No. 2:17-cv-01770-APG-VCF, 2018 WL 2014064, at *6 (D. Nev. April 27, 2018).

[note holder]'s behalf.'" *Id.* at 547, 354 P.3d at 651 (emphases added) (quoting Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c, e (1997)).

Here, the district court focused on the "principal-agent" language in *Montierth* and apparently determined that Nationstar was not acting as Fannie Mae's agent because Fannie Mae's Servicing Guide states that the servicer is acting as "an independent contractor and not as an agent, assignee, or representative of Fannie Mae." But, the district court's decision does not acknowledge that *Montierth* recognizes that the note holder retains a secured interest where the mortgage holder has authority to foreclose on behalf of the note holder. As we have explained, "[a] loan servicer administers a mortgage on behalf of the loan owner." *Nationstar Mortg. v. SFR Invs. Pool 1, LLC*, 133 Nev., Adv. Op. 34, 396 P.3d 754, 757 (2017). The publicly available Servicing Guide considered by the district court requires the servicer to, among other things, take whatever action is necessary to protect Fannie Mae's interest in the security property. Given that authority and the district court's findings that "[i]t is undisputable that Nationstar was a servicer of the Note belonging to Fannie Mae and was contractually bound with Fannie Mae by the loan servicing agreement," we conclude that the district court erred in determining that the Federal Foreclosure Bar does not apply in this case. *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev., Adv. Op. 36, ___ P.3d

___ (2018); *Nationstar*, 133 Nev., Adv. Op. 34, 396 P.3d at 758; *accord Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).[3] Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. James Crockett, District Judge
        Janet Trost, Settlement Judge
        Ayon Law, PLLC
        Akerman LLP/Las Vegas
        The Medrala Law Firm, Prof. LLC
        Eighth District Court Clerk

---

[3]Guberland argues that even if Fannie Mae had a secured interest in the property, that interest does not survive the HOA foreclosure sale because Guberland qualifies as a bona fide purchaser for value. We decline to reach this issue because the district court did not address it and there is some recent authority suggesting that the Federal Foreclosure Bar would preempt Nevada's law on bona fide purchasers, *e.g.*, *JPMorgan Chase Bank v. GDS Fin. Servs.*, No. 2:17-cv-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018).