IN THE SUPREME COURT OF THE STATE OF NEVADA

FORT APACHE HOMES, INC., A
NEVADA CORPORATION,
Appellant,
vs.
JPMORGAN CHASE BANK, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 72257

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Based on district court's findings on the limited remand, the electronic service of the notice of entry failed, so it did not trigger the 30-day period to file a notice of appeal. Additionally, under the circumstances presented here, we decline to apply laches to render the notice of appeal untimely. Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 

19-38129

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019).[2]

Appellant also contends that the district court should not have considered respondent's Federal Foreclosure Bar argument because respondent did not assert it as an affirmative defense. We assume for purposes of this case that preemption based on the Federal Foreclosure Bar is an affirmative defense under NRCP 8(c). *See Clark Cty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 393, 168 P.3d 87, 94 (2007) (explaining that a defense falls under the "catchall" provision in NRCP 8(c)

---

[2]Appellant's reliance on *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant respondent equitable relief by determining that appellant took title subject to the first deed of trust. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

if it raises "new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true" (internal quotation marks and citations omitted)); *see also Fifth Third Bank v. CSX Corp.*, 415 F.3d 741, 745 (7th Cir. 2005) ("Federal preemption is an affirmative defense . . . ."). Regardless, this court has held that "[f]ailure to timely assert an affirmative defense may operate as a waiver *if the opposing party is not given reasonable notice and an opportunity to respond.*" *Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980) (emphasis added); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1278, at 671 (3d ed. 2004) ("[T]he substance of many unpleaded Rule 8(c) affirmative defenses may be asserted by pretrial motions, particularly in the absence of any showing of prejudice to the opposing party and assuming it has had an opportunity to respond."). Here, respondent raised the defense in its countermotion for summary judgment, such that appellant had reasonable notice and an opportunity to respond. Additionally, even if respondent's disclosure of the relied-upon documentation was untimely such that appellant was surprised by it, appellant could have requested a continuance under NRCP 56(f) if it believed additional discovery would lead to evidence supporting its opposition. Accordingly, we conclude that the district court was within its discretion in considering the evidence supporting respondent's Federal Foreclosure Bar argument.[3] *Daisy Trust*, 135 Nev., Adv. Op. 30, 445 P.3d

---

[3]We decline to consider appellant's arguments that were raised for the first time in the reply brief. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

at 850 (reviewing a district court's decision to admit evidence for an abuse of discretion). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Gibbons

_____ , J.          _____ , Sr. J.
Stiglich                                              Douglas

cc:    Hon. Kerry Louise Earley, District Judge
       Janet Trost, Settlement Judge
       Ayon Law, PLLC
       Smith Larsen & Wixom
       Arnold & Porter Kaye Scholer LLP
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

