IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY KIRSCH,
Appellant,
vs.
REDWOOD RECOVERY SERVICES,
LLC; AND ELEVENHOME LIMITED,
Respondents.

No. 73576

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court final judgment and order granting an injunction following a bench trial.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

We are not persuaded that the district court committed reversible error in entering the challenged orders. First, we agree with the district court's determination that appellant had sufficient minimum contacts with Nevada such that he was subject to specific personal jurisdiction in this state. *See Catholic Diocese of Green Bay, Inc. v. John Doe 119*, 131 Nev. 246, 249-50, 349 P.3d 518, 520 (2015) (explaining Nevada's test for determining minimum contacts, which includes the extent to which the plaintiff's cause of action arises from the defendant's contacts with Nevada). Most notably, the district court found that appellant created a Nevada-registered LLC (Rock Bay, LLC), physically went to a Las Vegas branch of U.S. Bank to set up a bank account for Rock Bay, and then orchestrated the deposit of millions of dollars into that account in order to hide that money from respondents. Having reviewed the record, we

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

19-46577

conclude that substantial evidence supports the district court's findings, and because respondents' claims arise directly from the aforementioned conduct,[2] we agree that appellant's contacts with Nevada were sufficient to subject him to specific personal jurisdiction in Nevada. *Id.* at 249, 349 P.3d at 520 ("When reviewing a district court's exercise of jurisdiction, we review legal issues de novo but defer to the district court's findings of fact if they are supported by substantial evidence.").

Nor are we persuaded that the district court abused its discretion in prohibiting appellant from introducing evidence at trial as a discovery sanction. *See Young v. Johnny Ribeiro Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990) (reviewing the imposition of discovery sanctions for an abuse of discretion).[3] In particular, the record demonstrates that appellant (1) refused to disclose any witnesses or documents in compliance with NRCP 16.1, (2) repeatedly refused to appear for his deposition, (3) refused to respond to requests for production, and (4) refused to respond to interrogatories. Given that appellant did not produce any evidence during discovery, the district court was well within its discretion to prohibit appellant from relying on that evidence at trial.[4]

---

[2]In this primary respect, *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 342 P.3d 997 (2015), is distinguishable from this case.

[3]While the district court did not impose case-concluding sanctions, we note that the court nevertheless adequately considered the *Young* factors such that case-concluding sanctions would have been justified.

[4]Appellant suggests respondents were not prejudiced by appellant's refusal to cooperate with the discovery process or that imposing monetary sanctions would have been an adequate deterrent. These suggestions are perplexing, given the lengths to which appellant has gone to not pay the already-imposed Florida judgment.

Finally, we conclude that the district court did not clearly err in determining appellant waived his statute-of-limitations affirmative defense. *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (upholding a district court's factual findings following a bench trial unless they are clearly erroneous). The district court's written judgment found that appellant waived the defense by not asserting it until he joined in the other defendants' post-trial brief, and the necessary implication behind this finding is that respondents were not provided with a reasonable opportunity to address the defense at trial. *Cf. Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980) ("Failure to timely assert an affirmative defense may operate as a waiver if the opposing party is not given reasonable notice and an opportunity to respond."). Appellant did not address this finding in his opening brief, and to the extent that he attempts to address it in his reply brief, we decline to consider those arguments. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011). For the same reason, we decline to address appellant's argument that the district court improperly held him personally responsible for the conduct of the corporate defendants in this case and the non-party judgment-debtor entities. Accordingly, we

ORDER the judgments of the district court AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.         _____, Sr. J.
Silver                                                Douglas

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Mark R. Denton, District Judge
Thomas J. Tanksley, Settlement Judge
Jeffrey Kirsch
Jolley Urga Woodbury Holthus & Rose
Levine, Kellogg, Lehman, Schneider & Grossman
Eighth District Court Clerk