# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE SWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2006-20, A NATIONAL BANKING ENTITY,
Appellant,
vs.
NV EAGLES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 80954

FILED

JUL 22 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in a quiet title action. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse.

Appellant Bank of New York Mellon (BNYM) argues that the district court erred in concluding that it waived tender as a defense, and on this record, we agree, as respondent NV Eagles had reasonable notice that tender was at issue and opportunities to respond to BNYM's claims regarding tender. *See Res. Grp., LLC v. Nev. Ass'n Servs., Inc.*, 135 Nev. 48, 53 n.5, 437 P.3d 154, 159 n.5 (2019) (rejecting argument that a party waived tender of payment issue by failing to raise it in a responsive pleading where "fairness dictate[d] that we consider [the party's] arguments regarding payment [regardless], as those arguments [were] crucial for determining whether the sale was void" and the opposing party suffered no prejudice);

21-21212

*Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980) (observing that failure to assert an affirmative defense under NRCP 8(c) may operate as a waiver if the opposing party did not have "reasonable notice and an opportunity to respond"). In particular, NV Eagles subpoenaed the HOA's agent regarding any attempt to pay delinquent assessments on the at-issue property, which information the HOA's agent disclosed. Additionally, BNYM's deposition of the HOA's agent focused on tender.[1] Most importantly, BNYM raised tender in its motion for summary judgment and NV Eagles responded to the merits of that argument in its opposition and counter motion for summary judgment. As NV Eagles had reasonable notice of BNYM's tender argument and an opportunity to respond, we conclude that the district court's application of waiver was erroneous.[2] We turn now to the merits.

The record demonstrates, and the parties do not dispute, that BNYM tendered the full superpriority amount after the HOA recorded the first notice of default and election to sell, which would void the superpriority lien as a matter of law. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (holding that a "valid tender cured the default as to the superpriority portion of the HOA's lien," thereby rendering the HOA's foreclosure as to the superpriority portion void). Therefore, the only question before us is whether the second notice of

---

[1]NV Eagles did not attend this deposition despite having notice.

[2]We also note that NV Eagles first raised the instant waiver argument in its reply in support of its counter motion for summary judgment. Thus, BNYM did not have an opportunity to respond to the merits of this argument in its briefing below.

default and election to sell contained a superpriority amount such that the subsequent foreclosure extinguished BNYM's deed of trust.[3] Nevada's superpriority statutory scheme "does not limit an HOA to one lien enforcement action or one superpriority lien per property forever." *Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466, 401 P.3d 728, 731 (2017). However, before asserting a new superpriority lien, an HOA must record a notice rescinding the first superpriority lien and the new superpriority lien may pertain only to "monthly HOA dues, and any maintenance and nuisance abatement charges, *accruing after the rescission of the previous superpriority lien.*" *Id.* at 467, 401 P.3d at 731-32 (emphasis added).

Here, in opposing BNYM's summary judgment motion, NV Eagles acknowledged BNYM's argument regarding tender and our decision in *Property Plus*, but nonetheless failed to provide any evidence that the HOA rescinded the first superpriority lien before recording a second notice of default and election to sell on the property. Once BNYM moved for summary judgment and introduced evidence that it tendered the superpriority amount, NV Eagles, as the nonmoving party with the burden of persuasion at trial as to its own quiet title claim, had to "introduce specific facts that show a genuine issue of material fact" remained to defeat summary judgment. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev.

---

[3]NV Eagles's argument regarding the presumptions and recitals in the foreclosure deed is unpersuasive, as we have repeatedly rejected such a broad reading of NRS 116.31166. *See Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp., Inc.*, 132 Nev. 49, 56-57, 366 P.3d 1105, 1110 (2016) (explaining that the deed recitals under NRS 116.31166 only "concern default, notice, and publication," and do not preclude a deed of trust holder from seeking relief where an HOA "reject[ed] a valid tender of the amount due").

598, 603, 172 P.3d 131, 134 (2007). NV Eagles failed to meet this burden. Accordingly, BNYM is entitled to a judgment that its deed of trust survived the HOA's foreclosure sale, and that NV Eagles acquired title to the property subject to BNYM's deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 19
Akerman LLP/Las Vegas
Hong & Hong
Eighth District Court Clerk