138 Nev., Advance Opinion 60

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELK POINT COUNTRY CLUB
HOMEOWNERS' ASSOCIATION, INC.,
A/K/A ELK POINT COUNTRY CLUB,
INC., A NEVADA NONPROFIT,
NONSTOCK CORPORATION,
Appellant,
vs.
K.J. BROWN, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
TIMOTHY D. GILBERT AND NANCY
AVANZINO GILBERT, AS TRUSTEES
OF THE TIMOTHY D. GILBERT AND
NANCY AVANZINO GILBERT
REVOCABLE FAMILY TRUST DATED
DECEMBER 27, 2013,
Respondents.

No. 82484



FILED

AUG 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a preliminary injunction. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

*Reversed.*

Resnick & Louis, P.C., and Prescott T. Jones and Carissa C. Yuhas, Las Vegas,
for Appellant.

Leach Kern Gruchow Anderson Song and Sophie A. Karadanis and Gayle A. Kern, Reno,
for Respondents.

22-25785

BEFORE THE SUPREME COURT, SILVER, CADISH, and PICKERING, JJ.

## OPINION

By the Court, CADISH, J.:

The challenged district court order enjoins appellant, a homeowners' association, from allowing its members to use their units in the common-interest community for short- or long-term rental use. Appellant asserts that the district court's injunction is based on a faulty reading of the homeowners' association's governing documents and its resulting erroneous conclusion that such rental activity violates the Bylaws' provisions restricting the units to "single family residential purposes only" and prohibiting appellant from operating "its properties or facilities with the view of providing profit to its Unit Owners." Pursuant to NRS 116.340(1)(a), we conclude that members of a common-interest community may use their units for transient commercial use, such as a short-term vacation rental, even when the association's governing documents contain a "residential use" restriction, so long as the governing documents do not prohibit transient commercial use. Because appellant's Bylaws do not prohibit transient commercial use, the district court abused its discretion when it granted respondents' motion for a preliminary injunction. Accordingly, we reverse the district court's order.

## FACTS AND PROCEDURAL HISTORY

In 1925, several individuals incorporated appellant Elk Point Country Club Homeowners' Association, Inc. (EPCC) as a Nevada nonprofit corporation. EPCC is a private, members-only social club with federal tax-exemption status under 26 U.S.C. § 501(c)(7). However, EPCC operates like an HOA, where individual members own the 100 individual units within

SUPREME COURT
OF
NEVADA

(O) 1947A

EPCC, but EPCC holds title to all other real property, including roads and parking areas, a 13-acre beach and beach deck, a marina and boat storage area, a private water system and water tank, a barbeque area, and 89-acre feet of water rights. No individual member has any ownership right or interest in EPCC's real property, but individual members do have the ability to access and use common areas. EPCC's current governing documents consist of its 2005 Amended Bylaws (Bylaws), and the recorded Elk Point Country Club Homeowners' Rules, Regulations, and Guidelines (Rules).[1]

K.J. Brown, LLC, Timothy D. Gilbert, and Nancy Avanzino Gilbert (collectively, respondents) are members of EPCC. They filed the underlying lawsuit against EPCC, asserting claims for violations of NRS Chapter 116 and various contract breaches and torts, based on allegations that several other EPCC members were using their units for short-term vacation rentals. Shortly thereafter, respondents moved for a preliminary injunction to enjoin EPCC "from allowing, actively engaging in, and providing permission to" EPCC members to use their units for short-term vacation rentals. Respondents argued that they had a likelihood of success on the merits because the members who rented their units violated the Bylaws, which specifically prohibited EPCC from operating its properties or facilities to provide income to members and because EPCC's tax-exempt status prohibits members from using their units in EPCC to generate income. They also asserted that they faced irreparable harm because the

---

[1]EPCC's Bylaws are the equivalent to CC&Rs found in most other homeowners' associations. *See Moretto v. Elk Point Country Club Homeowners Ass'n, Inc.*, 138 Nev., Adv. Op. 24, 507 P.3d 199, 201 (2022) (explaining that EPCC's Bylaws are equivalent to CC&Rs found in most modern common-interest communities).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

prohibited rentals jeopardized EPCC's tax-exempt status and revocation of that status would result in "serious" tax exposure for respondents as unit owners and would "certainly alter the character of the community."

After a hearing, the district court granted the preliminary injunction, finding that "a consistent reading of the Bylaws that gives meaning to all provisions included therein is that members are not permitted to operate their Units or any EPCC property and facilities in order to generate revenue or for a profit," including renting units for short- and long-term rental use. The court also found "that there are many different classifications of tenancies recognized by the State of Nevada" and that it would "lead to inconsistent and contradictory results" to interpret the word "tenant" in the Bylaws to include renters. The court concluded that respondents showed a reasonable likelihood of success on the merits because the Bylaws prohibited members from using or operating any unit in EPCC or its property and facilities to generate profit or revenue. It also concluded that respondents demonstrated the threat of irreparable harm due to the financial costs if EPCC lost its tax exemption, as well as the change in the nature and character of the community. Accordingly, the district court enjoined all short- and long-term rentals in EPCC.

## DISCUSSION

"We review a decision to grant a preliminary injunction for an abuse of discretion." *Duong v. Fielden Hanson Isaacs Miyada Robison Yeh, Ltd.*, 136 Nev. 740, 742, 478 P.3d 380, 382 (2020). However, we review questions of law implicated by the preliminary injunction de novo. *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015). A preliminary injunction is appropriate where the moving party can demonstrate that (1) "it has a reasonable likelihood of success on the

merits"; and (2) "absent a preliminary injunction, it will suffer irreparable harm for which compensatory damages would not suffice." *Id.*

EPCC argues that the district court's interpretation that the Bylaws preclude short-term rentals by restricting the property to "single family residential purposes only" conflicts with NRS 116.340(1), which allows individuals in planned communities to engage in short-term rental activity absent an explicit prohibition of such activity in the governing documents. Because EPCC's Bylaws do not include an explicit provision precluding owners from renting their units to others, EPCC contends that the district court erroneously concluded that respondents had a likelihood of prevailing on the merits of their complaint. Finally, EPCC argues that the district court erred by sua sponte ordering that the preliminary injunction applied to long-term rentals because respondents did not address long-term rentals in their motion practice and the injunction in that regard was wholly unsupported. We agree and therefore reverse the district court's preliminary injunction.

The Bylaws state that "[t]he property of Unit Owners shall be used for single family residential purposes only." By statute, a property owner who, like here, owns "one or more units within a planned community that *are restricted to residential use* by the [governing] declaration *may use that unit . . . for a transient commercial use* only if . . . [t]he governing documents of the association and any master association do not prohibit such use."[2] NRS 116.340(1)(a) (emphases added). While jurisdictions are

---

[2]Transient commercial use "means the use of a unit, for remuneration, as a hostel, hotel, inn, motel, resort, *vacation rental* or other form of transient lodging if the term of the occupancy, possession or use of the unit is for less than 30 consecutive calendar days." NRS 116.340(4)(b) (emphasis added).

SUPREME COURT
OF
NEVADA

(O) 1947A

split regarding the scope of the phrase "single family residential purposes only," *see Slaby v. Mountain River Estates Residential Ass'n, Inc.*, 100 So. 3d 569, 575 (Ala. Civ. App. 2012) (recognizing that the phrase "single family residential purposes only," and "other similar phrases, has engendered many conflicting opinions across the country as to whether the language restricts the types and number of structures that may be erected on the property, the use to which those structures may be put, or both"), respondents do not argue that the phrase as used in the Bylaws has a meaning distinct from "restricted to residential. use" as used in NRS 116.340(1)(a). Thus, we assume, without deciding for purposes of this appeal, that the Bylaws' language restricting use to "single family residential purposes only" is equivalent to a "residential use" restriction such that NRS 116.340(1)(a) applies, and the restriction to residential use cannot be construed as a prohibition on short-term rentals within the meaning of that statute since NRS 116.340(1)(a) explicitly says that residents in a community limited to such use may engage in such rentals absent a prohibition in the governing documents. The Bylaws thus do not contain an express prohibition against owners using units for transient commercial use, i.e., short-term rentals. Accordingly, unless the Bylaws or other governing documents contain other language that implicitly or necessarily prohibits such rentals, respondents cannot show a reasonable likelihood of success on the merits, as short-term rentals would be permissible.

We review questions of contract interpretation de novo. *Oella Ridge Tr. v. Silver State Sch. Credit Union*, 137 Nev., Adv. Op. 80, 500 P.3d 1253, 1255 (2021); *see Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. 76, 83, 482 P.3d 665, 673 (2021) (observing that bylaws are a contract

subject to contract interpretation rules). When interpreting a contract, we "look[ ] to the language of the agreement and the surrounding circumstances," *Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) (quoting *Redrock Valley Ranch, LLC v. Washoe County*, 127 Nev. 451, 460, 254 P.3d 641, 647-48 (2011)), and "enforce[ ]" the contract "as written" if the "language of the contract is clear and unambiguous," *Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012).

Here, neither the Bylaws nor the other governing documents explicitly or even implicitly prohibit EPCC members from using their units for short- or long-term rentals. First, the plain language of the Bylaws' preamble does not prohibit unit rentals as it merely states that EPCC "shall not operate its properties or facilities *with the view of providing profit to its Unit Owners* but rather, such properties and facilities shall be held, operated, and made available for the use and enjoyment of its Unit Owners." (Emphasis added.) While such language obligates EPCC to regularly maintain its properties and facilities and precludes EPCC itself from operating the same with an intent to increase or otherwise provide profit to its members, on its face it does not prohibit EPCC members from profiting from their individual units.

Second, the Bylaws do not define "tenant," but they make numerous references to members and their "tenants" or "guests." For example, the Bylaws give the Executive Board the power to "adopt as necessary, rules for the conduct and government of the Unit Owners, their guests and tenants, in connection with the exercise of their privileges as Unit Owners, tenants and guests and their use of the Corporation property." The Bylaws also provide that "[i]t shall be each Unit Owner's responsibility to require guests *and tenants* to obey said rules," and that a Unit Owner's

rights "shall be suspended" if a "Unit Owner or *the tenant* or guests, of the Unit Owner" violate or otherwise fail to comply with EPCC's governing documents. (Emphases added.) These references provide a context for interpreting "tenant" according to its plain meaning, which is defined as "[s]omeone who pays rent for the temporary use and occupation of another's land under a lease or similar arrangement." *Tenant, Black's Law Dictionary* (11th ed. 2019). Accordingly, to give the Bylaws' terms their plain meaning, the word tenant includes a renter, and such renters are explicitly contemplated and permitted by the Bylaws.

Third, the other governing documents support this interpretation. Notably, the Rules provide that "[m]embers are responsible for the actions and behavior of their renters and guests" and that "[r]enters must comply with all rules and regulations of the [Elk Point] Country Club." The Rules also provide that "[m]embers renting their property must notify the Caretaker (for the Board of Directors), of the names of the tenants and the terms of their rental agreement." Thus, not only do the Rules explicitly refer to renters, but they also equate "tenants" with "renters." Although the district court found that it would "lead to inconsistent and contradictory results" to interpret the word "tenant" in the Bylaws to include renters, the record, as discussed above, does not support that finding. Because the Bylaws and other governing documents do not preclude EPCC members from renting out their units in the community, we hold that the district court abused its discretion by concluding that respondents showed a reasonable likelihood of success on the merits.

Respondents' arguments to the contrary are not persuasive. First, the preamble does not clearly prohibit the "operation of EPCC's properties or facilities which provide profit to EPCC or its social club

members." Instead, the preamble only prohibits EPCC from operating *its* properties or facilities "with the view of providing profit to its Unit Owners." This language is directed at EPCC common properties and facilities, and by not addressing members, the preamble implicitly allows a member to profit from his or her own unit regardless of how EPCC itself operates the common properties and facilities. *See Alta Vista Props., LLC v. Mauer Vision Ctr., PC*, 855 N.W.2d 722, 727 (Iowa 2014) (applying the canon that "the expression of one thing of a class implies the exclusion of others not expressed" to the interpretation of a lease). Further, respondents' "plain language" analysis parses individual clauses of the preamble such that it renders other provisions in the Bylaws that allow tenants meaningless in violation of well-established canons of construction. *See Road & Highway Builders, LLC v. N. Nev. Rebar, Inc.*, 128 Nev. 384, 390, 284 P.3d 377, 380-81 (2012) (explaining that this court reads contracts "as a whole" to "avoi[d] negating any contract provision").

Second, respondents waived the argument that EPCC is not a common-interest community governed by NRS Chapter 116 because they did not raise that argument below, even after EPCC argued that NRS 116.340 allows Unit Owners to rent out their units in the community. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that arguments raised for the first time on appeal are waived). Regardless, respondents initially alleged that EPCC violated NRS Chapter 116, and NRS Chapter 116 applies only to common-interest communities. *See* NRS 116.1201 (providing that NRS Chapter 116 "applies to all common-interest communities created within this State"). Thus, respondents' contention that EPCC violated NRS Chapter 116 constitutes a judicial admission regarding whether EPCC is a common-interest community in

Supreme Court
of
Nevada

(O) 1947A

9

this case.[3] *See Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co., Inc.*, 127 Nev. 331, 343, 255 P.3d 268, 276 (2011) (explaining that a judicial admission is a "deliberate, clear, unequivocal statement[ ] by a party about a concrete fact within that party's knowledge" (quoting *Smith v. Pavlovich*, 914 N.E.2d 1258, 1267 (Ill. 2009))).

Moreover, because the Bylaws do not prohibit members from renting out their units, EPCC's actions in maintaining a rental calendar that tracks when a property is rented do not violate the Bylaws and are consistent with the Rules' requirement that EPCC members inform EPCC of the names and terms of any rental agreement. Accordingly, because NRS 116.340(1) allows homeowners in common-interest communities with residential use restrictions to use their units for transient commercial use, unless the community's governing documents otherwise prohibit transient commercial use, and the Bylaws and Rules here do not prohibit such use, we conclude that the district court abused its discretion by granting respondents' motion for a preliminary injunction based on its finding that respondents demonstrated a reasonable likelihood of success on the merits.[4]

---

[3]We have previously recognized that EPCC is a common-interest community. *Moretto*, 138 Nev., Adv. Op. 24, 507 P.3d at 201 (observing that EPCC "is the governing body of the Elk Point subdivision, a common-interest community located at Lake Tahoe's Zephyr Cove, in Douglas County, Nevada").

[4]In light of our conclusion that respondents failed to show a reasonable likelihood of success on the merits, we need not address EPCC's remaining arguments regarding irreparable harm. However, we agree with EPCC that the district court improperly enjoined long-term rentals, as the injunction on such rentals exceeds the scope of relief respondents sought. *Cf. Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980) ("The pleading must give fair notice of the nature and basis of the claim.").

## CONCLUSION

Under NRS 116.340(1), respondents could only establish a likelihood of success to support their request for a preliminary injunction against short-term vacation rentals in their community by showing that EPCC's governing documents prohibited members from using their units for that purpose. Because the plain language of EPCC's Bylaws and Rules both implicitly and explicitly acknowledges that members may rent their properties and does not contain any prohibition of short-term vacation rentals, we conclude that respondents failed to show a reasonable likelihood of success on the merits of their claims. Thus, the district court abused its discretion when it granted respondents' motion for a preliminary injunction. Accordingly, we reverse the district court's order granting respondents' motion for a preliminary injunction.

_____, J.
Cadish

We concur:

_____, J.
Silver

_____, J.
Pickering

