141 Nev., Advance Opinion 13

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MMV INVESTMENTS LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Appellant,
vs.
DRIBBLE DUNK LLC, A NEVADA LIMITED LIABILITY COMPANY; ALL NET, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND JACKIE L. ROBINSON, AN INDIVIDUAL,
Respondents.

No. 85337



FILED

MAR 13 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss in a contract and fraud action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

*Affirmed in part, reversed in part, and remanded.*

Kirton McConkie and Matthew M. Pruitt and D. Andrew Lajoie, St. George, Utah,
for Appellant.

Jackie L. Robinson, Las Vegas,
in Pro Se.

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and STIGLICH, JJ.

25-11494

## OPINION

By the Court, BELL, J.:

Respondent Jackie L. Robinson personally guaranteed several loans that appellant MMV Investments LLC extended to respondents Dribble Dunk LLC and All Net, LLC. In the underlying litigation, the district court determined that MMV's breach-of-guaranty claim against Robinson was not legally viable because the statute of limitations had expired on MMV's breach-of-contract claims against Dribble Dunk and All Net. We conclude this was error because Robinson's guaranty expressly stated that Robinson would be responsible for repaying the loans even if MMV's claims against Dribble Dunk and All Net became time-barred. Consistent with Nevada law treating the statute of limitations as an affirmative defense that is waived if not raised, we hold that Robinson was free to waive any statute-of-limitations defense by contract. We therefore reverse the district court's order dismissing the breach-of-guaranty claim against Robinson and remand for further proceedings on that claim but otherwise affirm the district court's order.

### FACTS AND PROCEDURAL HISTORY

Between 2010 and 2012, MMV made a series of loans totaling roughly $12 million to Dribble Dunk and All Net, whose intent was to build a professional basketball arena in Las Vegas. Robinson, who owns Dribble Dunk and All Net, personally guaranteed the loans. As relevant here, the guaranty agreement contained the following provision: "Guarantor, regardless of whether recovery upon any such obligation may be or hereafter become barred or otherwise unenforceable, shall guarantee payments of all past due sums in default . . . ."



Respondents defaulted. But Robinson suggested to MMV that they nonetheless intended to repay the loans. In an email sent in June 2021, Robinson said,

> Our plan is that within 6 months we anticipate that we will be paying off all of our investors. We are committed to paying off all of our investors first upon receiving our construction loan or bond loan proceeds. We will continue to keep you updated as this moves forward.

Later in 2021, MMV filed the underlying complaint asserting various contract and fraud claims. Respondents moved to dismiss under NRCP 12(b)(5), arguing that MMV's claims were barred by the applicable statute of limitations, in particular, that respondents' contract-based claims expired at the latest in 2018. *Cf.* NRS 11.190(1)(b) (providing a six-year limitations period for a breach-of-contract claim). The district court granted respondents' motion. With respect to MMV's breach-of-guaranty claim against Robinson, the district court found that "[t]he guaranty Robinson signed is void under Nevada law because the obligations it guaranteed are time-barred by the statute of limitations."

MMV now appeals from the district court order granting the motion to dismiss. After this appeal was filed, counsel for respondents withdrew. Respondents did not retain new counsel, and no answering brief was filed. Consequently, Robinson is proceeding pro se, and Dribble Dunk and All Net have de facto agreed that we can resolve this appeal without them filing an answering brief. *Cf. State v. Stu's Bail Bonds,* 115 Nev. 436, 436 n.1, 991 P.2d 469, 470 n.1 (1999) (observing that "business entities are not permitted to appear, or file documents, in proper person" and that the court will thus reach its determination based on documents filed by the opposing party).

## DISCUSSION

MMV primarily contends that (1) the district court erred in dismissing its breach-of-guaranty claim against Robinson because Robinson contractually waived any statute-of-limitations defense and (2) the district court erred in dismissing its breach-of-contract claims against Dribble Dunk and All Net because Robinson's email tolled the statute of limitations.[1] Reviewing the district court's dismissal order de novo and accepting the complaint's factual allegations as true, *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), we agree with MMV's first argument but disagree with its second argument.

*MMV's breach-of-guaranty claim against Robinson*

As indicated, the district court found that Robinson's guaranty was "void under Nevada law" because the underlying loans were no longer enforceable based on the statute of limitations. But the district court did not identify any Nevada law that would render the guaranty—or its express waiver of any statute-of-limitations defense—void.

We acknowledge that most jurisdictions have concluded that contractual waivers of statute-of-limitations defenses violate public policy, such that the waiver is unenforceable. *See, e.g.*, 31 Williston on Contracts § 79:113 (4th ed. 2024) (compiling cases and observing that "the . . . substantial majority of jurisdictions" have held that a contractual waiver of the statute of limitations is unenforceable "in contravention of . . . public policy"); *Umpqua Bank v. Gunzel*, 483 P.3d 796, 804, 817-18 (Wash. Ct. App. 2021) (applying Oregon law, recognizing that "Oregon follows the majority rule that a waiver of the defense of the statute of

---

[1]We have considered MMV's other arguments and are not persuaded that they warrant reversal.



limitations violates public policy," and compiling similar cases from other jurisdictions). Those courts have focused on the ideas that statutes of limitation "promote the general welfare" by "affording comfort and rest to the defendant" and that they "protect the courts and the public from the perils of adjudicating stale claims." *Gunzel*, 483 P.3d at 803.

While we appreciate these public-policy concerns, we are not convinced that they should preclude contractual statute-of-limitation waivers. Indeed, Nevada law recognizes that a party can waive the statute of limitations by not asserting it as an affirmative defense during litigation. *See* NRCP 8(c)(1)(R) (listing the statute of limitations as an affirmative defense); *Williams v. Cottonwood Cove Dev. Co.*, 96 Nev. 857, 860, 619 P.2d 1219, 1221 (1980) ("Failure to timely assert an affirmative defense may operate as a waiver . . . ."). If that waiver does not run afoul of public policy, then we see no reason to treat a waiver via contract any differently. And it is purely speculative that allowing such contractual waivers would significantly increase the number of stale claims that Nevada's courts will have to adjudicate. Accordingly, we hold that a party may contractually waive a statute-of-limitations defense. Although this decision places us in the minority, we are not alone in so holding. *See, e.g., Salmon Prot. & Watershed Network v. County of Marin*, 140 Cal. Rptr. 3d 290, 296 (Ct. App. 2012) (quoting *Brownrigg v. deFrees*, 196 Cal. 534, 541 (1925), for the proposition that "[i]t has been expressly held by this court in numerous decisions that the privilege conferred by the statute of limitations is not a right protected under the rule of public policy but is a mere personal right for the benefit of the individual which may be waived.").

In reaching this conclusion, we are guided by our repeated observation that "[i]t has long been the policy in Nevada that absent some

counteravailing reason, contracts will be construed from the written language and enforced as written." *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 278, 21 P.3d 16, 20 (2001) (quoting *Ellison v. C.S.A.A.*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990)). We perceive no existing legislative determination or public-policy justification that would prohibit a party from contractually waiving a statute-of-limitations defense. Accordingly, we reverse the district court's order insofar as it granted Robinson's motion to dismiss on the ground that MMV's breach-of-guaranty claim was time-barred.

*MMV's breach-of-contract claims against Dribble Dunk and All Net*

MMV next contends that Robinson's June 2021 email reaffirmed the debts, such that the applicable limitations period was tolled or restarted under NRS 11.390.[2] But we agree with the district court that the language in Robinson's email (quoted above) was not a "clear, explicit, or direct acknowledgement" or promise to repay so as to revive an otherwise time-barred action to recover on promissory notes. *Wilcox v. Williams*, 5 Nev. 206, 209 (1869) (providing this standard for tolling or restarting a limitations period under NRS 11.390's predecessor statute). Accordingly, the district court correctly determined that MMV's breach-of-contract claim against respondents Dribble Dunk and All Net was time-barred. *Cf. Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 129 Nev. 181, 186, 300 P.3d 124, 128 (2013) ("A court may dismiss a complaint for failure to state a claim upon which relief can be granted when an action is

---

[2]MMV does not specifically contend that NRS 11.390 applies to its noncontract claims, so we apply NRS 11.390 only to MMV's breach-of-contract claim.

barred by the statute of limitations." (quoting *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1999) (internal alterations omitted))).

## *CONCLUSION*

We hold that a person may contractually waive a statute-of-limitations defense. While we recognize that this is the minority approach, we do not share the same public-policy concerns that underlie the majority approach, particularly when existing Nevada law allows for litigation waivers of a statute-of-limitations defense. Accordingly, MMV's breach-of-guaranty claim against Robinson was not time-barred because Robinson waived the statute-of-limitations defense in the guaranty agreement. We therefore reverse the district court's order dismissing MMV's breach-of-guaranty claim as to Robinson and affirm the district court's order in all other respects. Accordingly, we remand this matter for further proceedings consistent with this opinion.

_____, J.
Bell

We concur:

_____, C.J.
Herndon

_____, J.
Stiglich